IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERSON WAYNE SCHRADER, et al., | ) |
| | ) Case No. 10-CV-1736-RMC |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ERIC HOLDER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

    **COME NOW** the Plaintiffs, Jefferson Schrader and the Second Amendment Foundation, Inc., by and through undersigned counsel, and submit their Separate Statement of Undisputed Material Facts in Support of their Cross-Motion for Summary Judgment.

Dated: March 11, 2011

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Thomas M. Huff (D.C. Bar No. 978294)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: /s/Alan Gura
     Alan Gura

Attorneys for Plaintiffs

**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Plaintiffs contends there is no genuine issue about the following material facts:

| No. | Material Fact | Support for Material Fact |
|---|---|---|
| 1. | Federal criminal law declares it "unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." | 18 U.S.C. § 922(g)(1). |
| 2. | Violation of 18 U.S.C. § 922(g)(1) is a criminal offense punishable by a prison sentence of up to ten years. | 18 U.S.C. § 924(a)(2). |
| 3. | Plaintiff Jefferson Wayne Schrader is citizen of the United States and the State of Georgia who wishes to own firearms for purposes that include self defense. | First Amended Complaint ("Am. Compl.") [Dkt. #6] at ¶¶ 1, 14; Declaration of Jefferson Wayne Schrader ("Schrader Decl.") at ¶¶ 1-2. |

| | | |
|---|---|---|
| 4. | Schrader is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful controlled substance user or addict, has never been adjudicated as a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner. Schrader is qualified to possess firearms under the laws of Georgia—his State of citizenship. | Am. Compl. at ¶ 8; Schrader Decl. at ¶ 3; Ga. Code § 16-11-100 et seq.; *see also State* v. *Langlands*, 276 Ga. 721, 724-725 (Ga. 2003) (holding that Georgia's state felon-in-possession statute may not be applied to out-of-state misdemeanor offenses). |
| 5. | On or about July of 1968, Schrader was enlisted in the United States Navy, and stationed in Annapolis, Maryland. While walking peaceably in Annapolis, Schrader was violently assaulted and battered by a street gang claiming that he had entered the gang's alleged territory. | Am. Compl. at ¶ 9; Schrader Decl. at ¶ 4. |
| 6. | On or about July 23, 1968, Schrader was again walking peaceably in Annapolis, and encountered one of the men who had previously assaulted him. A dispute broke out between the two, in the course of which Schrader punched his assailant. A nearby police officer thereafter arrested Schrader for assault and battery, and disorderly conduct, both simple misdemeanor offenses. | Am. Compl. at ¶ 10; Schrader Decl. at ¶ 5. |
| 7. | On or about July 31, 1968, Schrader was found guilty of misdemeanor assault and battery and ordered to pay a $100 fine, plus court costs of $9, or upon default serve thirty days in jail. Schrader paid the fine and court costs. | Am. Compl. at ¶ 11; Schrader Decl. at ¶ 6. |

| 8. | Schrader was born in 1948. He was 20 years old at the time of his conviction. | Schrader Decl. at ¶¶ 1, 7. |
|---|---|---|
| 9. | Following a tour of Vietnam, Plaintiff Schrader was honorably discharged from the Navy. He has not had any further police encounters, save for one traffic infraction, and the conduct of Defendants described below. | Am. Compl. at ¶ 12; Schrader Decl. at ¶ 8. |
| 10. | At the time of Schrader's misdemeanor assault conviction, and until recently, Maryland law did not set forth any maximum sentence for the crime of misdemeanor assault. The only codified limitation upon sentencing for misdemeanor assault was the right secured by the Eighth Amendment to the United States Constitution. | *Simms* v. *State*, 288 Md. 712, 714 (Md. 1980); Am. Compl. at ¶ 13; *see also* *Robinson* v. *State*, 353 Md. 683, 686 687 (Md. 1999) (holding that Maryland common law assault and battery was abrogated by statute in 1996). |
| 11. | On or about November 11, 2008, Schrader's companion attempted to purchase him a shotgun as a gift. On or about January 14, 2009, Schrader ordered a handgun from his local firearms dealer, which he would keep for self-defense. | Am. Compl. at ¶ 14; Schrader Decl. at ¶ 9. |
| 12. | The shotgun transaction described in ¶ 12 was canceled when the National Instant Criminal Background Check ("NICS") computer system indicated that Mr. Schrader is prohibited under federal law from purchasing firearms. The NICS transaction number for this attempted purchase is "(NPN) - 1B18X2G." | Am. Compl. at ¶ 15; Schrader Decl. at ¶ 10 & Exh. A. |

| | | |
|---|---|---|
| 13. | On June 3, 2009, Defendant Federal Bureau of Investigations, which administers the NICS system, advised Schrader via letter that the shotgun transaction was rejected pursuant to 18 U.S.C. § 922(g)(1) on the basis of his 1968 Maryland misdemeanor assault conviction. Subsequently, Agent Lance Greer advised Schrader to dispose of or surrender any firearms he might possess or face criminal prosecution. Schrader subsequently did not complete his handgun order. | Am. Compl. at ¶ 16; Schrader Decl. at ¶¶ 11-12 & Exh. A. |
| 14. | Defendant's correspondence to Schrader, described above in ¶ 13, states in part: "The fingerprints you submitted are identical with those in a record that was used to deny your firearm purchase or pawn redemption. A copy of your FBI identification record is enclosed for your review. Unless additional materials in the form of certified court documentation are submitted, we are unable to reverse our original denial decision. Your denial indicates that you have been matched with the following federally prohibitive criteria under Title 18, United States Code, Sections 921(a)(20) and 922(g)(1): A person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or any state offense classified by the state as a misdemeanor and is punishable by a term of imprisonment of more than two years. If you wish to Challenge the accuracy of the record upon which the denial is based, you may apply directly to the original submitting agency for correction of the record." | Schrader Decl., Exh. A. |

| 15. | Defendant's correspondence to Schrader, described above in ¶ 13, included a copy of his FBI identification record on which Defendants based their denial decision. This record listed a "State ID Number" of "GA3383157T (GA)," which corresponds to the State of Georgia. | Schrader Decl., Exh. A. |
|---|---|---|
| 16. | Pursuant to their interpretation of 18 U.S.C. § 922(g)(1), Defendants are prohibiting Schrader from possessing any firearms based on his 1968 Maryland conviction for misdemeanor assault and battery—a common law offense that had no statutory punishment criteria at the time of his conviction. | Def's Motion to Dismiss [Dkt. #5] at 9-13. |
| 17. | Plaintiff SAF's members and supporters, including Plaintiff Schrader, are directly impacted by application of 18 U.S.C. § 922(g)(1) to misdemeanor offenses. Additionally, Plaintiff SAF routinely expends resources responding to inquiries about the applicability of 18 U.S.C. § 922(g)(1) under a variety of circumstances, including those similar to plaintiff Schrader's. | Am. Compl. at ¶ 17. |