UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERSON WAYNE SCHRADER and ) <br> SECOND AMENDMENT FOUNDATION, INC., ) <br>    ) <br> Plaintiffs, ) <br>    ) <br> v. ) <br>    ) <br> ERIC HOLDER, Attorney General, and ) <br> FEDERAL BUREAU OF INVESTIGATION, ) <br>    ) <br> Defendants. ) <br> _____ ) | Civil Action No. 10-1736 (RMC) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND STATEMENT OF GENUINE ISSUES

Defendants respectfully provide this response to Plaintiffs' Statement of Undisputed Material Facts pursuant to Fed. R. Civ. P. 56(c)(1) and Local Civil Rule 56.1.

Each of Plaintiffs' individual statements is addressed below.  In general, many of the facts Plaintiffs identify are immaterial.  For purposes of resolving a summary judgment motion, material facts are only those that might impact the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

1.   This paragraph does not contain a statement of fact; Plaintiffs quote a portion of a statute, which is the best evidence of its contents.  To the extent the Plaintiffs are noting the existence of the statute, that is undisputed.

2.   This paragraph contains a conclusion of law and does not contain any statement of material fact.  To the extent Plaintiffs are noting the existence of 18 U.S.C. § 921(g)(1), that is undisputed.

3.   This paragraph fails to state any material fact because ownership of firearms, as distinguished from possession, is not prohibited by 18 U.S.C. § 922(g)(1).  This case presents

questions of federal, not state law, so Plaintiff Schrader's state of residence is not material. To the extent that the stated purpose of self-defense necessarily requires possession, Defendants dispute that Plaintiff Schrader has provided sufficient detail concerning any imminent intention or plan or intention to own or possess firearms. *See* Schrader Dec. ¶ 3 (stating the wish without any reference to plans to take action to implement the wish).

4.   This paragraph contains multiple statements of fact relating to Plaintiff Schrader's personal history which are immaterial because he admits he has a conviction for assault in Maryland and that he committed the assault. *See* Schrader Dec. ¶¶ 4-5. The final sentence of this paragraph contains a conclusion of law, but it is also immaterial because whether Plaintiff Schrader is eligible to possess a firearm under Georgia law is irrelevant to whether federal law prohibits his possession of firearms.

5.   Plaintiff Schrader's version of events in July, 1968 other than on July 23, 1968 is immaterial. Plaintiffs' description is self-serving and supported only by his own statement, which is typically viewed with some skepticism at summary judgment. *See Bonieskie v. Mukasey*, 540 F. Supp. 2d 190, 195 (D.D.C. 2008) ("Summary judgment for a defendant is most likely when a plaintiff's claim is supported solely by the plaintiff's own self-serving, conclusory statements."). In any event, even if these facts are taken as true, Plaintiff Schrader's description of his assault on a single individual on a different date (and which Plaintiff Schrader has not stated was in the same or a nearby location) and when that individual had done nothing to provoke Plaintiff Schrader or cause him to be in any imminent fear that he was about to be harmed fail to establish facts suggesting that Plaintiff Schrader was acting in self-defense. To

the extent these facts are material, Defendants should be given an opportunity to take discovery from the individual Schrader assaulted on July 23, 1968 and the police officer.

6. The facts in this paragraph are undisputed for purposes of this motion, but the conclusion that assault and battery and disorderly conduct are "simple misdemeanor offenses" is a conclusion of law or characterization.

7. The facts in this paragraph are undisputed for purposes of this motion, but Defendants have not had an opportunity to take discovery from the victim, who is unidentified by Plaintiff Schrader. To the extent the Court were to deem these facts material, Plaintiff Schrader's self-serving description of himself as "walking peaceably," and being the victim in this event for example, should carry little, if any weight. *See Bonieskie*, 540 F. Supp. 2d at 195.

8. The facts in this paragraph are immaterial, particularly because Plaintiff Schrader admits he was not a minor at the time of the assault in 1968 or his conviction. Neither Plaintiff Schrader's age at the time of his assault conviction or now is relevant to any claim in this case.

9. The facts in this paragraph are immaterial. The federal firearms provisions apply to veterans and non-veterans alike, as well as to people with more or less frequent or extensive "police encounters" than Plaintiff Schrader. The only material fact is Plaintiff Schrader's admitted offense and record of conviction. *See* 18 U.S.C. §§ 922(g)(1); 921(a)(20)(B); *United States v. Coleman*, 158 F.3d 199 (4th Cir. 1998).

10. The facts in this paragraph are undisputed and material.

11. This paragraph is based entirely on inadmissible evidence that may be considered at summary judgment because Plaintiff Schrader's declaration does not establish a foundation for his personal knowledge of the actions of his unidentified "companion." Rule 56(c)(2). This

paragraph appears to contain hearsay.  *Douglas v. Donovan*, 559 F.3d 549, 556 (D.C. Cir. 2009); *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000) (holding hearsay evidence insufficient in sex discrimination case to avoid summary judgment: "Verdicts cannot rest on inadmissible evidence.  Gleklen's evidence about the conversation is sheer hearsay; she would not be permitted to testify about the conversation at trial. . . .  It therefore counts for nothing.").  Defendants have no way of knowing if Plaintiff Schrader's alleged "companion" attempted to purchase a shotgun on or about November 11, 2008.  *See* Declaration of William L. Finch ("Finch Dec."), ¶¶ 2-4.  In addition, even if Plaintiff Schrader's "companion" attempted to purchase a shotgun on or about November 11, 2008, and even if this transaction was denied, it is irrelevant since the "companion" is not a plaintiff in the present lawsuit.  Defendants do not dispute that Plaintiff Schrader attempted to purchase a shotgun on or about November 13, 2008, or that the NICS transaction number ("NTN") for the background check into the shotgun purchase is 18N4NJ8.  *Id.*, ¶ 5.  Defendants do not dispute that Plaintiff Schrader attempted to purchase a handgun on or about January 24, 2009, or that the NTN for the background check into the handgun purchase is 1B18X2G.  *Id.*, ¶ 6.  Defendants do not dispute that Defendant FBI determined that Plaintiff Schrader's 1968 Maryland assault conviction triggered 18 U.S.C. §§ 921(a)(20) and  922(g)(1), or that this determination applied to Schrader's attempted shotgun and handgun purchases.  *Id.*, ¶ 7.

12. This paragraph is based entirely on inadmissible evidence that may not be considered at summary judgment because Plaintiff Schrader's declaration does not establish a foundation for his personal knowledge of the actions of his "companion" or the reasons for them.  Rule 56(c)(2).  Defendants presently have no way of knowing if Plaintiff Schrader's alleged,

undentified "companion" attempted to purchase a shotgun on or about November 11, 2008. *See* Finch Dec., ¶ 4.  In addition, even if Plaintiff Schrader's "companion" attempted to purchase a shotgun on or about November 11, 2008, and even if this transaction was denied, it is irrelevant since the "companion" is not a plaintiff in the present lawsuit. *Id.*  Defendants dispute that NTN 1B18X2G relates to the alleged attempted shotgun purchase by Plaintiff Schrader's companion. *Id.*, ¶¶ 4, 6.  Defendants do not dispute that the NTN for the background check into the handgun purchase is 1B18X2G. *Id.*, ¶ 6. Defendants dispute that Plaintiff Schrader's shotgun transaction , which  was the subject of NTN 18N4NJ8, was "canceled." *See id.*, ¶¶ 7, 8.  Defendants do not dispute that the shotgun that was the subject of  NTN 18N4NJ8 was transferred to Plaintiff Schrader after the lapse of three business days; that Defendant FBI later determined that Plaintiff Schrader's 1968 Maryland assault conviction triggered 18 U.S.C. §§ 921(a)(20) and 922(g)(1); and that Defendant FBI sent the Bureau of Alcohol, Tobacco, Firearms and Explosives a firearm retrieval notice concerning Plaintiff Schrader. *Id.*, ¶¶ 3, 5, 7, and 8.

13. With respect to the first two sentences, Defendants dispute this statement because it is incomplete and respectfully note that the cited June 3, 2009 letter is the best evidence of its contents.  *See* Finch Dec. ¶¶ 9-12 & Exh. C.  The June 3, 2009 letter, moreover, related to Schrader's attempted purchase of a handgun in January, 2009.  *See* Finch Dec. ¶¶ 6, 8. Defendants dispute the third sentence.  Defendants do not dispute that, in January 2009, Plaintiff Schrader sent an inquiry to Defendant FBI about the basis for the denial of his handgun purchase, or that the FBI subsequently sent correspondence to  Plaintiff Schrader, including the cited June 3, 2009 letter, in this regard.  *Id.*, ¶¶ 9-12 & Exhs. A, B, and C.  Defendants dispute that the cited June 3, 2009 letter relates to Schrader's attempted shotgun purchase. *Id.*, ¶ 12 &

Ex. C. Defendants do not dispute that the cited June 3, 2009 letter related to Plaintiff Schrader's attempted handgun purchase and reiterated that the basis for the denial of the attempted handgun purchase was 18 U.S.C. §§ 921(a)(20) and 922(g)(1). *Id.*

14. This paragraph contains Plaintiffs' quotation of a portion of a letter dated June 3, 2009, which is the best evidence of its contents. Defendants dispute that the cited June 3, 2009 letter relates to Schrader's attempted shotgun purchase. *Id.*, ¶ 12 & Ex. C. Defendants do not dispute that the cited June 3, 2009 letter related to Plaintiff Schrader's attempted handgun purchase and reiterated that the basis for the denial of the attempted handgun purchase was 18 U.S.C. §§ 921(a)(20) and 922(g)(1). *Id.*

15. This paragraph contains Plaintiffs' description of enclosures to the letter dated June 3, 2009, which are the best evidence of their contents. Defendants dispute that the cited June 3, 2009 letter relates to Schrader's attempted shotgun purchase. *Id.*, ¶ 12 & Ex. C. Defendants do not dispute that the cited June 3, 2009 letter related to Schrader's attempted handgun purchase and reiterated that the basis for the denial of the attempted handgun purchase was 18 U.S.C. §§ 921(a)(20) and 922(g)(1). *Id.*

16. Congress enacted the laws prohibiting Plaintiff Schrader's possession of firearms based on his conviction, and Defendants are charged with enforcing the laws. Defendants note that Plaintiff Schrader has not been charged with a violation of 18 U.S.C. § 922(g)(1).

17. This paragraph is not supported by admissible evidence as required by Fed. R. Civ. P. 56(c)(1), and are disputed for purposes of this motion. The allegations in a pleading are not evidence. *Equal Rights Center v. Post Properties, Inc.*, 633 F.3d 1136, 1141 n.3 (D. C. Cir. 2011).

**Defendants' Statement of Genuine Issues**

1. Whether Plaintiff Schrader intends to possess a firearm imminently and, if so, at what time, in what place, what type of firearm.

2. Whether Plaintiff Schrader has had his conviction for assault expunged by the State of Maryland or made any attempt to request a pardon.

Dated: April 7, 2011.

        Respectfully submitted,

        RONALD C. MACHEN JR., D.C. BAR # 447889
        United States Attorney

        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Civil Chief

By:   /s/ *Jane M. Lyons*
        JANE M. LYONS, D.C. Bar. # 451737
        Assistant United States Attorney
        555 Fourth St., N.W. - Room E4104
        Washington, D.C. 20530
        Phone: (202) 514-7161
        Fax: (202) 514-8780
        jane.lyons@usdoj.gov