UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERSON WAYNE SCHRADER and<br>SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ERIC HOLDER, Attorney General, and<br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendants. | Civil Action No. 10-1736 (RMC) |

## DECLARATION OF WILLIAM L. FINCH

I, WILLIAM L. FINCH, hereby declare the following:

1. I am an attorney employed by the Federal Bureau of Investigation ("FBI") as an Assistant General Counsel with the Access Integrity Unit of the Office of the General Counsel. My duties include providing legal and policy guidance to the Criminal Justice Information Services ("CJIS") Division, National Instant Criminal Background Check System ("FBI NICS") Section in Clarksburg, West Virginia. The matters stated in this declaration are based on my personal knowledge, my review of FBI records and other documents, and information provided to me in my official capacity.

2. Under the Brady Handgun Violence Prevention Act ("Brady Act"), the United States Attorney General was charged with establishing a system, the National Instant Criminal Background Check System ("NICS") which Federal Firearms Licensees ("FFLs") must contact for a background check prior to transferring a firearm to a non-licensed person in order to determine if an individual is prohibited under federal or state law from

possessing a firearm. The authority and power to perform this function has been delegated to the FBI, and the FBI conducts background checks using the NICS.

3. This paragraph three provides a general, non-exhaustive overview and summary of the NICS and the background check process. The NICS is comprised of three electronic databases containing records which may reveal information demonstrating the existence of federal and/or state prohibitions against firearm possession. The three electronic databases are the Interstate Identification Index, which contains criminal history records regarding more than 58 million individuals; the National Crime Information Center, which contains more than 4.8 million records regarding wanted persons, protection orders, deported felons, and other matters; and the NICS Index, which contains over 6.4 million records regarding individuals subject to federal firearm prohibitions. Generally speaking, in connection with an attempted firearms purchase, an FFL will provide the FBI with descriptive data regarding the potential firearms purchaser, such as the potential purchaser's name. The FBI then checks this information against the records in the NICS to see if the potential purchaser is prohibited by federal or state law from receiving or possessing a firearm. If the name of the potential purchaser does not match any record searched by the NICS, then the firearms transaction can proceed, and the FFL is so notified. Alternatively, if the potential purchaser's name is matched with a record contained in any of the three NICS databases, and the FBI NICS Section determines that that receipt of a firearm by the potential purchaser would violate the Gun Control Act, 18 U.S.C. §§ 922(g) or (n) or state law, then the FBI NICS Section will contact the FFL and inform the FFL that the transfer of the firearm is denied. If the FBI NICS Section is unable to determine if a transaction should be denied within three business days of the

initiation of the background check, the FFL is not prohibited from transferring the firearm. See 18 U.S.C. § 922(t)(1).

4. There are two plaintiffs in the above-captioned lawsuit: Jefferson Wayne Schrader and Second Amendment Foundation, Inc. The plaintiffs' First Amended Complaint alleges that, "[o]n or about November 11, 2008, Schrader's companion attempted to purchase him a shotgun as a gift." Schrader's companion is not a plaintiff in the above-captioned lawsuit. In connection with an attempted firearms purchase, an FFL provides the FBI with descriptive data about the potential purchaser of the firearm, which is used to conduct the background check on the potential purchaser of the firearm. In connection with an attempted firearms purchase, an FFL does not provide the FBI with descriptive data about the ultimate intended recipient of the firearm. Because Schrader does not identify the name of his companion who allegedly purchased a shotgun on or about November 11, 2008, the FBI is unable to confirm whether or not this alleged attempted purchase took place. Moreover, even if Schrader's companion attempted to purchase a shotgun on or about November 11, 2008, and the transaction was denied, the denial would be the result of a determination that Schrader's companion, as opposed to Schrader himself, was prohibited under federal or state law from possessing a firearm.

5. On or about November 13, 2008, Schrader attempted to purchase a shotgun from an FFL in Georgia. The NICS transaction number ("NTN") for the background check into the shotgun purchase is 18N4NJ8.

6. On or about January 24, 2009, Schrader attempted to purchase a handgun from an FFL in Georgia. The FFL involved with the attempted handgun purchase is different than the

FFL, discussed in paragraph 5, involved with the shotgun purchase. The NTN for the background check into the handgun purchase is 1B18X2G.

7. The FBI NICS Section conducted research that revealed that Schrader had been convicted of misdemeanor assault in Maryland in 1968. At the time of Schrader's 1968 assault conviction, Maryland law did not set a maximum sentence for misdemeanor assault. The FBI NICS Section determined that the conviction triggered 18 U.S.C. § 921(a)(20) and 18 U.S.C. § 922(g)(1), which prohibit firearm possession by an individual convicted of a state offense classified by the state as a misdemeanor that is punishable by a term of imprisonment of more than two years. This determination applied to the handgun purchase discussed in paragraph 6, above, as well as to the shotgun purchase discussed in paragraph 5, above.

8. On or about January 26, 2009, the FBI NICS Section advised the two FFLs referenced in paragraphs 5 and 6 that Schrader's two firearm purchase applications for the shotgun and the handgun were denied. As of approximately January 26, 2009, the FFL involved in the shotgun transaction (referenced in paragraph 5) had already transferred the shotgun to Schrader. However, as of approximately January 26, 2009, the FFL involved in the handgun transaction (referenced in paragraph 6) had not transferred the handgun to Schrader. On or about January 26, 2009, the FBI NICS Section, in a firearm retrieval notice, advised the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") of a firearm transfer to a prohibited person (in this case, Schrader) and of the nature of the disabling offense.

9. On January 26, 2009, the FBI NICS Section received an email from Schrader with the subject line "[NICSAPPEALS] Appeal a Firearm Transfer Denial." Schrader's January

26, 2009 email stated that "I was advised by your office to send an email to inquire why I was denied." Schrader's January 26, 2009, email referenced NTN 1B18X2G, the NTN for the background check into the attempted handgun purchase.

10. The FBI NICS Section responded to Schrader's inquiry in a letter to Schrader, dated January 28, 2009. As set forth more fully therein, the January 28, 2009, letter generally advised Schrader that the background check for the attempted handgun purchase indicated that "**either [Schrader] or another individual with a similar name and/or similar descriptive features**" had been matched with a record that triggered 18 U.S.C. Sections 921(a)(20) and 922(g)(1) (emphasis in original). The January 28, 2009, letter further advised Schrader that, if he did not believe that he was "the individual whose FBI identification record is on file," that he must "submit positive proof of [his] identity" in the form of "**rolled fingerprints impressions prepared by a law enforcement or authorized fingerprinting agency . . .**" (emphasis in original). The January 28, 2009, letter further advised Schrader as follows: "Upon receipt of your fingerprints, we will conduct a fingerprint comparison. If the record used for the denial **does not** match your fingerprints, you will be notified. If the fingerprint comparison is identical, you will be furnished additional information regarding the record(s) on which the denial is based" (emphasis in original). A copy of the referenced January 28, 2009, letter (without the enclosures thereto) is attached hereto as Exhibit A.

11. Schrader subsequently furnished his fingerprints to the FBI NICS Section. By letter to Schrader, dated February 12, 2009, the FBI NICS Section confirmed receipt of Schrader's fingerprints. A copy of the referenced February 12, 2009 letter is attached hereto as Exhibit B.

12. The FBI/NICS Section subsequently wrote Schrader a letter, dated June 3, 2009. As set forth more fully therein, the June 3, 2009 letter generally advised Schrader that the fingerprints that he had submitted were "identical with those in a record that was used to deny [Schrader's] firearm purchase . . ." The June 3, 2009, letter reiterated that the basis for the denial of the handgun purchase was 18 U.S.C. Sections 921(a)(20) and 922(g)(1) and further advised Schrader that the "original denial decision" would not be reversed "[u]nless additional materials in the form of certified court documentation are submitted." A copy of the referenced June 3, 2009, letter (without the enclosure thereto) is attached hereto as Exhibit C. Schrader did not provide any subsequent documentation to the FBI/NICS Section in response to the June 3, 2009, letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7TH day of April, 2011.

*William L. Finch*
WILLIAM L. FINCH
Assistant General Counsel
Office of the General Counsel
Federal Bureau of Investigation
Clarksburg, WV

**A**



U. S. Department of Justice

Federal Bureau of Investigation

Clarksburg, WV 26306

January 28, 2009

Mr. J. W. Schrader
874 Chattahoochee Acres Drive
Cleveland, GA  30528

        SUBJECT:  Firearm Denial Appeal Review
                       National Instant Criminal Background Check
                       System (NICS) Transaction
                       Number (NTN)-1B18X2G

Dear Mr. Schrader:

       This letter is in response to your inquiry concerning your denial to purchase or redeem a firearm.  By way of background, during a NICS check, our computer system searches several databases which contain records of persons with disqualifying conduct.  As a name and descriptive-based system, the computer program is designed to screen individuals with similar names and/or similar descriptive features within certain parameters.  Your denial indicates that **either you or another individual with a similar name and/or similar descriptive features** has been matched with the following federally prohibitive criteria under Title 18, United States Code, Sections 921(a)(20) and 922(g)(1):  A person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or any state offense classified by the state as a misdemeanor and is punishable by a term of imprisonment of more than two years.

       To expedite the validation process, if you believe you are the individual who meets this criteria, and are in possession of the original certified documents which contain an embossed agency seal and would like to submit them to our office, you may submit them to the FBI Criminal Justice Information Services Division=s National Instant Criminal Background Check System Section, Appeal Services Team, Post Office Box 4278, Clarksburg, West Virginia 26302-9922.  Additionally, if you believe you **are** the individual whose FBI identification record is on file and

Mr. J. W. Schrader

desire a copy of that record, you must submit positive proof of your identity.

If you believe you **are not** the individual whose FBI identification record is on file, you must also submit positive proof of your identity. Positive proof of your identity requires that you provide a set of your **rolled fingerprint impressions prepared by a law enforcement or authorized fingerprinting agency** on the enclosed fingerprint card. The fingerprint card **must** contain the following information:

- $ The law enforcement agency rolling the fingerprint impressions **must stamp** its agency name and address on the fingerprint card in the designated area. The agency's telephone number and employee signature also **must** be included.

- $ Other authorized fingerprinting agencies **must** include their complete address, telephone number, and employee signature in the designated areas.

- $ The fingerprint card **must be completed in its entirety.** The **Name, Date of Birth, Sex, Race, State of Residence, and Country of Citizenship** areas on the fingerprint card must be complete; however, the inclusion of any additional information may help expedite your appeal.

The NICS Section will not charge a fee for this procedure; however, a fee may be charged by the law enforcement agency.

Please be advised that failure to comply with any of the above-listed requirements may result in the rejection of your fingerprint card submission, thereby causing further delays in the processing of your appeal.

Upon receipt of your fingerprints, we will conduct a fingerprint comparison. If the record used for the denial **does not** match your fingerprints, you will be notified. If the fingerprint comparison is identical, you will be furnished additional information regarding the record(s) on which the denial is based.

2

Mr. J. W. Schrader

      To facilitate initial processing and eliminate unnecessary administration, once a disqualifier has been identified, the NICS Section Appeal Services Team (AST) will not review other records for additional disqualifiers. However, should your appeal be successful on the initially denied record, the AST will examine any additional records for disqualifying information which may result in sustaining the denial.

      A postage-paid return envelope is enclosed for your convenience. Ensure all correspondence/submissions contain your **NTN**. Failure to do so will only delay your appeal.

      If you have any questions regarding this communication, you may contact the NICS Customer Service at 1-877-444-6427.

                                        NICS Section
                                        CJIS Division

Enclosures (2)

B



U. S. Department of Justice

Federal Bureau of Investigation

Clarksburg, WV 26306

February 12, 2009

Mr. J.W. Schrader
874 Chattahoochee Acres Drive
Cleveland, GA  30528

        SUBJECT:   Firearm Appeal/Inquiry Receipt Acknowledgment
                     National Instant Criminal Background
                     Check System (NICS) Transaction
                     Number (NTN)-1B18X2G

Dear Mr. Schrader:

      The FBI Criminal Justice Information Services (CJIS) Division=s NICS Section received your fingerprint card.  Your information has been forwarded to the NICS Section's Appeal Services Team for further review and analysis to determine the proper resolution.

      Upon conclusion of our research and evaluation, you will be notified and provided additional information in writing regarding your appeal.

      If you have any questions regarding this communication, you may contact the NICS Customer Service at 1-877-444-6427.

                                          NICS Section
                                          CJIS Division

C



U. S. Department of Justice

Federal Bureau of Investigation

Clarksburg, WV 26306

June 3, 2009

Mr. J. W. Schrader
874 Chattahoochee Acres Drive
Cleveland, GA   30528

      SUBJECT:   Firearm Denial Appeal Review
                  National Instant Criminal Background
                  Check System (NICS) Transaction
                  Number (NTN)-1B18X2G

Dear Mr. Schrader:

      The fingerprints you submitted are identical with those in a record that was used to deny your firearm purchase or pawn redemption.  A copy of your FBI identification record is enclosed for your review.  Unless additional materials in the form of certified court documentation are submitted, we are unable to reverse our original denial decision.  Your denial indicates that you have been matched with the following federally prohibitive criteria under Title 18, United States Code, Sections 921(a)(20) and 922(g)(1):  A person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or any state offense classified by the state as a misdemeanor and is punishable by a term of **imprisonment of more than two years.**

      If you wish to challenge the accuracy of the record upon which the denial is based, **you may apply directly to the original submitting agency for correction of the record.**  The name and location of the agency that holds the denying record/information can be found on the enclosed copy of your **FBI identification record in the highlighted area.  The address for that agency is as follows:**

                        Annapolis Police Department
                        199 North Taylor Avenue
                        Annapolis, MD   21401
                        Date of Arrest:   July 23, 1968
                        Agency Case Number:   8292

Mr. J. W. Schrader

    If your record is corrected, the FBI Criminal Justice Information Services (CJIS) Division=s NICS Section **must be in receipt of a copy of the agency's correction before we can authorize the transfer of a firearm.** You may direct your written challenge to the NICS Section; however, **it will not expedite your appeal**.

    To facilitate initial processing and eliminate unnecessary administration, once a disqualifier has been identified, the NICS Section Appeal Services Team (AST) will not review other records for additional disqualifiers. However, should your appeal be successful on the initially denied record, the AST will examine any additional records for disqualifying information which may result in sustaining the denial.

    Ensure all correspondence/submissions contain your **NTN**. Failure to do so will only delay your appeal.

    If you have any questions regarding this communication, you may contact the NICS Customer Service at 1-877-444-6427.

                                    NICS Section
                                    CJIS Division

Enclosure

2