IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERSON WAYNE SCHRADER, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 10-CV-1736-RMC |
| ) | |
| v. ) | |
| ) | |
| ERIC HOLDER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, Jefferson Schrader and the Second Amendment Foundation, Inc., respectfully submit this Notice to inform the Court of a decision just issued by the D.C. Circuit, *Dearth* v. *Holder*, --- F.3d ---, 2011 U.S. App. LEXIS 7737 (D.C. Cir. April 15, 2011), which is directly relevant to Defendants' pending Motion to Dismiss on standing grounds. A copy is attached as Exhibit A.

The decision by the D.C. Circuit reverses *Hodgkins* v. *Holder*, 677 F. Supp. 2d 202 (D.D.C. 2010), upon which Defendants rely in support of their pending motion. Much like the present case, *Hodgkins* concerned plaintiffs, including Plaintiff Second Amendment Foundation ("SAF"), who challenged certain federal firearms laws under the Declaratory Judgment Act. Both had affirmatively attempted to purchase firearms but their efforts to do so were blocked by operation of federal law. The district court had concluded that these denied purchase attempts did not establish an "actual controversy" under the Declaratory Judgment Act, but instead amounted to "past injuries alone." *Id*. at 204-05. The district court had also held that SAF could not establish standing based on "its voluntary act of teaching." *Id*. at 206.

The D.C. Circuit's opinion reverses *Hodgkins*, holding that a plaintiff does indeed establish standing under the Declaratory Judgment Act where "the Government denied and continues to deny him the ability to purchase a firearm." Exh. A at 4. The court found this injury analogous to that in *Parker* v. *District of Columbia*, 478 F.3d 370, 376 (2007), which held that a plaintiff who "had been 'denied a registration certificate to own a handgun,'" Exh. A at 5 (quoting *Parker*, 478 F.3d at 376), would have standing to bring a Second Amendment challenge. *Id*. And while the government had attempted (much like in this case) to limit *Parker*'s holding to lawsuits implicating an actual "permit" or "license" request from a government entity, *id*., the D.C. Circuit flatly rejected this argument:

> As for its second effort to distinguish *Parker*, the Government places undue weight upon our statement there that the plaintiff was "asserting a right to a registration certificate, the denial of which [was] his distinct injury." 478 F.3d at 376. More fundamentally, as we explained, the plaintiffs there were "claim[ing] a right to possess ... 'functional firearms[]' ... for self-defense in the home." *Id*. at 374. That is, the right to possess, not the right to a permit or license, was the substance of their claim. One of those plaintiffs had standing because, rather than alleging merely an intent to violate the District's gun laws, he had "invoked his rights under the Second Amendment to challenge the statutory classifications used to bar his ownership of a handgun." *Id*. at 376. Just so with Dearth, who raises a constitutional challenge to the regulatory and "statutory classifications" that bar him from acquiring a firearm. *Id. That the regulatory regime does not provide for the Government's issuance of a permit or license is of no moment; the challenged provisions have similarly thwarted Dearth's best efforts to acquire a firearm*.

*Id*. at 4-5 (emphasis added). Finally, the court concluded that it need not reach the issue of Plaintiff Second Amendment Foundation's standing, since it "raise[d] no issue not also raised by Dearth." *Id*. at 8, *.

Plaintiffs respectfully submit that the present case is indistinguishable. Plaintiff Schrader is bringing statutory and constitutional challenges to certain government policies that have denied and continue to deny him the ability to purchase and possess firearms. Schrader has made two

affirmative attempts to obtain firearms (a shotgun and a handgun), but both efforts have been thwarted by "denial decisions" by Defendants, who continue to list him in their NICS database as firearms disqualified. Schrader has argued that this creates an "actual controversy" that the Declaratory Judgment Act entitles him to resolve in an Article III court. *See* Pl. Op. Br. [Dkt. # 8] at 9-13. By contrast, the government, citing *Hodgkins*, has characterized these denial decisions as mere past injuries, and has denied the existence of an ongoing current case or controversy. Def. Br. [Dkt. # 5] at 19-20. The government has also attempted to distinguish *Parker* on the grounds that Schrader does not specifically seek an actual "license" or "permit" from a government entity. *Id*. at 17-18; *see also* Def. Reply Br. [Dkt. #11] at 8. But because *Hodgkins* is now reversed, these arguments no longer have any basis.

Further strengthening Schrader's position, the government in this case has taken the extra step of listing Schrader in its NICS database as firearms disqualified. This disqualification classification is both (1) current and ongoing (further contradicting the government's argument the Schrader has suffered only past injuries), and (2) specific to Schrader (further contradicting the government's argument that his injury is a mere generalized grievance). Because Schrader seeks correction of his NICS record, Schrader's case for standing is even stronger than that in *Dearth*.

As a final point, the government's reply brief also argues that Schrader's pleadings fail to establish "that he currently or imminently intends to obtain a firearm of any particular type or at any particular place or for any purpose." Def. Reply Br. [Dkt. #11] at 7; *see also* Def. Statement of Genuine Issues [Dkt. #12-1] at 7, ¶ 1. Plaintiffs maintain that such facts are plainly implied from the averments in the complaint: Schrader would not have filed this lawsuit were it not for

his present intent to purchase and possess in his home the very firearms that the government has twice denied (and continues to deny) his efforts to obtain for purposes of self-defense. *See* Am. Compl. [Dkt. # 6] at ¶¶ 14-16. But in the interest of narrowing the scope of the parties' disagreement before this Court, Plaintiffs are filing a separate motion for leave to amend paragraph 1 of the complaint to read as follows:

> Plaintiff Jefferson Wayne Schrader is a natural person and citizen of the State of Georgia and of the United States. *Mr. Schrader presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.*

(emphasis reflects amended language). Plaintiffs respectfully submit that this proposed amendment will remove any possible doubt as to Schrader's standing in this case.

Dated: April 21, 2011

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Thomas M. Huff (D.C. Bar No. 978294)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: /s/ Thomas M. Huff
Thomas M. Huff

Attorneys for Plaintiffs