**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEFFERSON WAYNE SCHRADER, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 10-CV-1736-RMC |
| ) | |
| v. ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| ERIC HOLDER, et al., ) | MOTION FOR LEAVE TO AMEND |
| ) | COMPLAINT |
| Defendants. ) | |
| _____) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

1. Plaintiffs initiated this lawsuit by filing a Complaint [Dkt. # 1] on October 13, 2010. The government responded with a Motion to Dismiss [Dkt. # 5] on January 31, 2011, which argues in part that Plaintiffs lack standing to sue. Plaintiffs filed an Amended Complaint [Dkt. # 6] on February 18, 2011, which added the United States as a party. *See also* Stipulation re Amended Complaint [Dkt. # 7].

2. Last week, the D.C. Circuit issued a published opinion in *Dearth* v. *Holder*, --- F.3d ---, 2011 U.S. App. LEXIS 7737 (D.C. Cir. April 15, 2011), which reverses *Hodgkins* v. *Holder*, 677 F. Supp. 2d 202 (D.D.C. 2010), a district court decision relied upon by the government in its Motion to Dismiss on standing grounds. *Dearth* holds that a plaintiff's two denied attempts to purchase firearms, coupled with a present intent to obtain such firearms, establish standing to bring a Second Amendment challenge under the Declaratory Judgment Act. Plaintiffs maintain that *Dearth* is dispositive of the standing issue, and have filed a Notice of Supplemental Authority with this Court.

3. The parties remain in dispute over a pleadings issue. The government's reply brief in support of its Motion to Dismiss argues that Plaintiff Schrader's pleadings fail to establish "that he currently or imminently intends to obtain a firearm of any particular type or at any particular place or for any purpose." Def. Reply Br. [Dkt. #11] at 7; *see also* Def. Statement of Genuine Issues [Dkt. #12, Exh. 1] at 7, ¶ 1. Plaintiffs disagree, and maintain that such facts are implied by the pleadings. *See* Pl. Notice of Supplemental Authority at 3-4 [Dkt. #15]; Pl. Reply Br. in Support of Cross-Motion for Summary Judgment [Dkt. #14] at 15-17; *Ord* v. *District of Columbia*, 587 F.3d 1136, 1143 (D.C. Cir. 2009).

4. As discussed fully in their reply brief on the cross-motion for summary judgment, at 15-17, Plaintiffs are not convinced that the instant motion is strictly required. Nonetheless, because such relief is available, and in the interest of narrowing or eliminating this disagreement before the Court, Plaintiffs respectfully seek leave to amend paragraph 1 of the complaint to read as follows:

> Plaintiff Jefferson Wayne Schrader is a natural person and citizen of the State of Georgia and of the United States. *Mr. Schrader presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.*

(emphasis reflects proposed language to be added). A copy of the proposed Second Amended Complaint is attached as Exhibit A.

5. Additionally, Plaintiffs propose to amend paragraph 15, to clarify which NICS transaction number applied to which specific transaction, and to clarify that Schrader does not possess the shotgun and never obtained possession of the handgun. This amendment is technical

in nature and does not alter the fact that the challenged law applies to Plaintiff, nor does it alter his request for relief.

6. Pursuant to LCvR 7(m), Plaintiffs' counsel have conferred with Defendants' counsel, who have indicated that they object to this motion. Fed. R. Civ. P. 15 permits a party to amend its pleading with the court's leave, which is ordinarily "freely give[n] when justice so requires." *Id*.

7. Plaintiffs respectfully submit that this proposed amendment will narrow the parties' disagreement, and will therefore be in the interest of justice and the Court. Accordingly, Plaintiffs respectfully request that the motion be granted.

Dated: April 21, 2011                                     Respectfully submitted,

                                                          Alan Gura (D.C. Bar No. 453449)
                                                          Thomas M. Huff (D.C. Bar No. 978294)
                                                          Gura & Possessky, PLLC
                                                          101 N. Columbus Street, Suite 405
                                                          Alexandria, VA 22314
                                                          703.835.9085/Fax 703.997.7665

                                                      By: /s/ Thomas M. Huff
                                                          Thomas M. Huff

                                                          Attorneys for Plaintiffs