IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFERSON WAYNE SCHRADER,<br>    874 Chattahoochee Acres Drive<br>    Cleveland, GA 30528<br><br>    and<br><br>SECOND AMENDMENT FOUNDATION, INC.,<br>    12500 N.E. 10th Place<br>    Bellevue, WA 98005<br><br>    Plaintiffs,<br><br>    v.<br><br>ERIC HOLDER,<br>    Attorney General of the United States<br>    950 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20530-0001<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>    935 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20535-0001<br><br>UNITED STATES OF AMERICA,<br>    serve: 950 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20530-0001<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case. No. 10-1736-RMC |

## **SECOND AMENDED COMPLAINT**

Now come Plaintiffs Jefferson Wayne Schrader and Second Amendment Foundation, Inc., by and through undersigned counsel, and complain of Defendants as follows:

### THE PARTIES

1.       Plaintiff Jefferson Wayne Schrader is a natural person and citizen of the State of Georgia and of the United States. Mr. Schrader presently intends to purchase and possess a

handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.

2.	Plaintiff Second Amendment Foundation, Inc. (hereafter "SAF"), is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

3.	Defendant Eric Holder is the Attorney General of the United States, and as such is responsible for executing and administering laws, customs, practices, and policies of the United States.  In that capacity, Mr. Holder is presently enforcing the laws, customs, practices and policies complained of in this action.

4.	Defendant Federal Bureau of Investigation is an agency within the meaning of 18 U.S.C. § 925A, and is presently enforcing the laws, customs, practices and policies complained of in this action.

5.	Defendant United States of America is the government whose law, customs, practices and policies are complained of in this action.

JURISDICTION AND VENUE

6.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 18 U.S.C. § 925A.

7.	Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

8.     Plaintiff Schrader is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner. Plaintiff Schrader is fully qualified under the laws of the United States and of the State of Georgia to possess firearms.

9.     On or about July, 1968, Plaintiff Schrader was enlisted in the United States Navy, and stationed in Annapolis, Maryland. While walking peaceably in Annapolis, Schrader was violently assaulted and battered by a street gang claiming that he had entered the gang's alleged territory.

10.     On or about July 23, 1968, Plaintiff Schrader was again walking peaceably in Annapolis, and encountered one of the men who had previously assaulted him. A dispute broke out between the two, in the course of which Schrader punched his assailant. A nearby police officer thereafter arrested Schrader for assault and battery, and disorderly conduct, both simple misdemeanor offenses.

11.     On or about July 31, 1968, Plaintiff Schrader was found guilty of misdemeanor assault and battery and ordered to pay a $100 fine, plus court costs of $9, or upon default serve thirty days in jail. Schrader paid the fine and court costs.

12.     Following a tour of Vietnam, Plaintiff Schrader was honorably discharged from the Navy. He has not had any further police encounters, save for one traffic infraction, and the

conduct of Defendants described below.

13. At the time of Schrader's misdemeanor assault conviction, and until recently, Maryland law did not set forth any maximum sentence for the crime of misdemeanor assault. The only codified limitation upon sentencing for misdemeanor assault was the right secured by the Eighth Amendment to the United States Constitution.

14. On or about November 11, 2008, Schrader's companion attempted to purchase him a shotgun as a gift. On or about January 14, 2009, Schrader ordered a handgun from his local firearms dealer, which he would keep for self-defense.

15. The shotgun transaction resulted in a denial decision by the FBI when the National Instant Criminal Background Check ("NICS") computer system indicated that Mr. Schrader is prohibited under federal law from purchasing firearms. The NICS transaction number for this attempted shotgun purchase is "(NPN)-18N4NJ8." Mr. Schrader subsequently disposed of the shotgun. The handgun transaction also resulted in a denial decision by the FBI when the National Instant Criminal Background Check ("NICS") computer system indicated that Mr. Schrader is prohibited under federal law from purchasing firearms. The NICS transaction number for this attempted handgun purchase is "(NPN) - 1B18X2G." Mr. Schrader never obtained possession of the handgun.

16. On June 3, 2009, Defendant Federal Bureau of Investigations, which administers the NICS system, advised Schrader that the shotgun transaction was rejected pursuant to 18 U.S.C. § 922(g)(1) on the basis of his 1968 Maryland misdemeanor assault conviction. Subsequently, Agent Lance Greer advised Schrader to dispose of or surrender any firearms he might possess or face criminal prosecution. Schrader subsequently canceled his handgun order.

17.     Plaintiff SAF's members and supporters, including Plaintiff Schrader, are directly impacted by application of 18 U.S.C. § 922(g)(1) to misdemeanor offenses. Additionally, Plaintiff SAF routinely expends resources responding to inquiries about the applicability of 18 U.S.C. § 922(g)(1) under a variety of circumstances, including those similar to plaintiff Schrader's.

FIRST CLAIM FOR RELIEF
CORRECTION OF ERRONEOUS NICS INFORMATION
18 U.S.C. § 925A
BY PLAINTIFF SCHRADER

18.     The allegations of paragraphs 1 through 17 are incorporated as though fully set forth herein.

19.     Plaintiff Schrader's conviction for misdemeanor assault cannot be the basis for a firearms disability under 18 U.S.C. § 922(g)(1), because Schrader was not actually sentenced to a term of imprisonment exceeding two years. Maryland's failure to codify a statutory penalty for a simple common law misdemeanor does not create a firearms disability under federal law for conviction of such common law misdemeanor offense.

20.     Plaintiff Schrader is entitled to the removal of his firearms disability from NICS, and a declaratory judgment that his 1968 Maryland common law misdemeanor assault conviction is not a disabling offense for purposes of 18 U.S.C. § 922(g)(1).

SECOND CLAIM FOR RELIEF
RIGHT TO KEEP AND BEAR ARMS, U.S. CONST., AMEND. II
BY BOTH PLAINTIFFS

21.     The allegations of paragraphs 1 through 20 are incorporated as though fully set forth herein.

22. Defendants' enforcement of 18 U.S.C. 922(g)(1) against Plaintiff Schrader, members of Plaintiff SAF, and others whose concern over Defendants' conduct taxes SAF resources, barring possession of firearms by individuals on account of simple common-law misdemeanor offenses carrying no statutory penalties, violates the Second Amendment right to keep and bear arms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1. Injunctive relief commanding Defendants to withdraw their record pertaining to Plaintiff Schrader from NICS, per 18 U.S.C. § 925A;

2. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) on the basis of simple common-law misdemeanor offenses carrying no statutory penalties;

3. Declaratory relief consistent with the injunction;

4. Costs of suit;

5 Attorney Fees and Costs pursuant to 18 U.S.C. § 925A and 28 U.S.C. § 2412; and

6. Any other further relief as the Court deems just and appropriate.

Dated: April 21, 2011				Respectfully Submitted,

						Alan Gura (D.C. Bar No. 453449)
						Thomas M. Huff (D.C. Bar No. 978294)
						Gura & Possessky, PLLC
						101 N. Columbus Street, Suite 405
						Alexandria, VA 22314
						703.835.9085/Fax 703.997.7665
						alan@gurapossessky.com


				By:	/s/ Alan Gura
					Alan Gura
					Attorney for Plaintiffs