UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERSON WAYNE SCHRADER and ) <br> SECOND AMENDMENT FOUNDATION, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ERIC HOLDER, Attorney General, ) <br> FEDERAL BUREAU OF INVESTIGATION, and ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 10-1736 (RMC) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO FURTHER AMEND THE COMPLAINT**

The pleadings are not a game played between the parties, and Plaintiffs should not be permitted to alter the playing field repeatedly and, more importantly, by shifting allegations inconsistently to match legal theories. Having already amended their pleading once, in response to Defendants' motion to dismiss, and also supplemented those amended allegations with a declaration from Mr. Schrader to support a cross-motion for summary judgment, Plaintiffs now seek leave to amend the complaint a second time. Because there is no legitimate reason for allowing Plaintiffs to augment their allegations at this advanced stage of this case in a way that would require the Court to delay resolution of this case by starting back at the beginning, the Court should deny Plaintiffs' motion.

**Legal Standard For Amending Pleadings**

Because Plaintiffs have already used up the one free amendment before trial permitted by Fed. R. Civ. P. 15(a)(1), they may only amend again with either leave of the Court or defendants' written consent. Fed. R. Civ. P. 15(a)(2). Defendants do not consent. Resolution of a motion to

amend is committed to the sound discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The D.C. Circuit has held that denying leave to amend is not an abuse of discretion in the face of sufficiently compelling reasons, such as "undue delay, bad faith, or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments [or] futility of amendment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). And the Supreme Court has made clear that the most important factor is whether the nonmoving party will be prejudiced if the moving party is permitted to amend his complaint. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971).

Courts have deemed motions to amend prejudicial where "the amendment . . . is proposed late enough so that the opponent would be required to engage in significant new preparation." 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487 (2000). Thus, "when the motion to amend is filed late in the litigation, justice requires the Court to determine whether there is prejudice to the defendants." *Hollinger-Haye v. Harrison Western/Franki-Denys*, 130 F.R.D. 1, 1 (D.D.C. 1990). The D.C. Circuit has also held that the denial of a motion to amend is fully warranted when a significant amount of time has passed and the movant has had plenty of opportunity to raise the issues. *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir. 1987).

**ARGUMENT**

All of the proposed amendments in the Second Amended Complaint relate to Plaintiff Schrader. Plaintiffs propose substantive amendments to two paragraphs of the First Amended Complaint ("FAC"). Specifically, paragraph 1 of the FAC alleges merely that "Plaintiff Jefferson Wayne Schrader is a natural person and citizen of the State of Georgia and of the

United States." *See* ECF No. 16, ¶ 1.  Plaintiffs' proposed amendment to paragraph 1 would preserve this allegation and add:

> Mr. Schrader presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.

*See* ECF No. 16-3 (proposed Second Amended Complaint).  Likewise, paragraph 15 of the FAC now simply alleges that "The shotgun transaction was canceled when the National Instant Criminal Background Check ("NICS") computer system indicated that Mr. Schrader is prohibited under federal law from purchasing firearms.  The NICS transaction number for this attempted purchase is "(NPN) - 1B18X2G."  FAC, ¶ 15.  The proposed amendment would be:

> The shotgun transaction resulted in a denial decision by the FBI when the National Instant Criminal Background Check ("NICS") computer system indicated that Mr. Schrader is prohibited under federal law from purchasing firearms.  The NICS transaction number for this attempted shotgun purchase is "(NPN)-18N4NJ8."  Mr. Schrader subsequently disposed of the shotgun.  The handgun transaction also resulted in a denial decision by the FBI when the National Instant Criminal Background Check ("NICS") computer system indicated that Mr. Schrader is prohibited under federal law from purchasing firearms.  The NICS transaction number for this attempted handgun purchase is "(NPN) - 1B18X2G."  Mr. Schrader never obtained possession of the handgun.

ECF No. 16-3 (Proposed Second Am. Comal.), ¶ 15.  Even a cursory review of the proposed new language confirms the extensiveness of these changes.  Through these newly introduced allegations, Plaintiffs are attempting to fill in holes in Plaintiff Schrader's standing.  Standing issues have consumed much of the briefing materials already pending before the Court.

Although Defendants recognize that the federal rules provide that leave to amend pleadings is to "be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiffs' proposed Second Amended Complaint should not be allowed for at least three reasons.  First, it comes too late in this case and allowing it would unfairly prejudice Defendants by forcing this case back to the starting line.  Second, and independently, granting Plaintiffs leave to amend their pleading a second time in the way they propose creates problems because some of the new allegations are inconsistent with the previously-existing record.  Finally, Plaintiffs' proposed amendment would be futile because Mr. Schrader continues to omit key factual allegations that prevent his establishing his standing to maintain this action.  Each of these issues is addressed below, and the analysis is detailed because motions seeking leave to amend must be assessed on a "case by case basis."  *See Harris v. Secy., U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997).  In this case, Plaintiffs have failed to demonstrate an adequate reason for granting them yet another chance to get their shifting story straight.

Plaintiffs filed this lawsuit in October 2010.  Once Defendants challenged Mr. Schrader's standing in their initial motion to dismiss filed in December 2010, Plaintiffs were on notice about the argument and should have included all pertinent allegations regarding standing in the FAC.  Standing is assessed as of the time this lawsuit was filed, and no facts arising after October 2010 may be considered.  *E.g., Natural Law Party of the United States of Am. v. Fed. Election*

*Comm'n*, 111 F.Supp.2d 33, 40 (D.D.C. 2000) ("[s]tanding is determined at the time the complaint is filed"). But Plaintiffs' motion and proposed amendments fail to demonstrate that the new allegations they propose to add about Mr. Schrader were true as of October 2010. Indeed, Plaintiffs' motion fails to mention, for example, precisely when Mr. Schrader developed a "present intention" to own two different and specific types of firearms for self-defense in his home or when he disposed of the shotgun he apparently possessed at some point. Because it is unclear whether these allegations were true as of October 2010, Plaintiffs should not be permitted to add them through a Second Amended Complaint.

The absence in Plaintiffs' motion of any explanation, let alone a persuasive reason, for why these "present intention" and firearms transactions details were omitted from the FAC is suspect. Plaintiffs' casual approach to pleading is reminiscent of the television character Agent Maxwell Smart, who often prefaced serial explanations for his hijinks to his boss with the phrase "Would you believe?" And when his boss, known as The Chief, expressed skepticism for one possibility Smart offered, Smart would again ask "Would you believe?" followed by a different scenario, often as hypothetical as the previous one. Smart's antics were presented comedically, but this Court should not indulge serial pleadings as a form of gamesmanship by Plaintiffs. *See Unique Industries, Inc. v. 965207 Alberta Ltd.*, No. 08-1095 (RMU), 2011 WL 570153, *12 (D.D.C. Feb. 11, 2011) (denying leave to amend complaint in a patent case after cross-motions for summary judgment had been filed based on undue delay and prejudice to defendant by creating delay).

Likewise, in certain contexts, courts view such shifting explanations for events with appropriate skepticism. *E.g.*, *Galvin v. Eli Lilly & Co.*, 488 F.3d 1026, 1030 (D.C. Cir. 2007)

(describing the "sham affidavit rule" that prevents a party from creating a genuine issue of material fact by changing its own prior sworn testimony without a sufficient explanation for the change); *Southwest Merch. Corp. v. NLRB*, 53 F.3d 1334, 1344 (D.C. Cir. 1995) (holding that a jury could infer pretext and unlawful discrimination from an employer's shifting and inconsistent explanations for its action). Here, the Court should treat the considerable expansion of Plaintiff Schrader's allegations in the face of his silence about the uncertain timing of his "present intention" to acquire firearms with similar skepticism.

Plaintiffs have already had ample opportunity to present the facts that existed when they commenced this case in October 2010. There can be no doubt either that the facts relevant to Plaintiff Schrader's standing have at all times been uniquely known to him, or that Mr. Schrader has already had multiple chances to put those facts forward through his experienced counsel. The Court should not permit Plaintiffs to manipulate the facts over six months after the case was filed. Although the passage of a few months is not extraordinarily long in the abstract, Plaintiffs had already amended their pleading once and the parties had already completed briefing on Defendants' dispositive motion when Plaintiffs belatedly sought to introduce yet more new allegations that would require starting over again. Thus, for purposes of this case, the time delay is prejudicial because the proposed amendments impact the jurisdictional defenses already raised.

For their part, Plaintiffs express skepticism in their motion that the amendments are "strictly required," and further suggest that proposed amendments would serve "the interest of narrowing or eliminating" a purported "disagreement" between the parties concerning standing, by "narrow[ing] disagreements between the parties." Pls.' Mem. at 2. Plaintiffs' view of standing is incorrect as a matter of law. Because subject matter jurisdiction is not something the

parties can either create or expand through agreement or actions, *Kline v. Burke Constr. Co.*, 260 U.S. 226, 233-34 (1922), Plaintiffs' primary justification for allowing a second amendment is flawed and should be disregarded by the Court.

Defendants were entitled to raise challenges to Plaintiffs' standing, and Plaintiffs were on notice of these arguments when they amended their pleading the first time.  Defendants should not be deprived of the opportunity to address threshold defenses through belated amendments to the complaint.  Thus, if the Court exercises its discretion by granting the motion for leave to amend, Defendants will be unfairly prejudiced by having to start over again with a substantially different universe of factual allegations.  But although the new factual allegations will likely necessitate revisions to Defendants' memorandum in support of their motion to dismiss, another reason for the Court to deny Plaintiffs' motion is that the proposed amendments are futile.  Because none of the proposed amendments relate to Plaintiff Schrader's criminal history, he still fails to show that as applied to him, Sections 922(g)(1) and 921(a)(20)(B) are anything other than constitutional because the historical understanding of the scope of the Second Amendment extends only to "law-abiding citizens," and he admits that he has not been one at all times.  *Heller v. District of Columbia*, 554 U.S. 570, 625 (2008).  Moreover, although coming closer than the FAC, the proposed Second Amended Complaint still fails to allege particulars about any imminent firearm transaction that Mr. Schrader plans to engage in.  As Defendants argued in their motion to dismiss, the absence of these specific factual allegations prevents Plaintiffs from establishing standing based on Mr. Schrader.  *See* Def.'s Mem. at 17-19.  Accordingly, the proposed amendment should be disallowed as futile.  *See Firestone*, 76 F.3d at 1208.

Beyond the delay and attendant prejudice, however, allowing Plaintiffs' proposed Second Amended Complaint is unwarranted because certain proposed allegations contradict the existing record. In particular, in paragraphs 14 and 15 of the proposed Second Amended Complaint, Plaintiff Schrader continues to allege that, on or about November 11, 2008, his unidentified "companion" attempted to purchase a shotgun for him. Plaintiff Schrader further alleges that the NICS Transaction Number ("NTN") for the "companion's" shotgun purchase is 18N4NJ8. However, the NTN 18N4NJ8 corresponds to the shotgun that Plaintiff Schrader himself attempted to purchase on or about November 13, 2008. *See* Declaration of William L. Finch ("Finch Dec."), ¶¶ 2-5.[1]

Similarly, in paragraph 16 of the proposed Second Amended Complaint, Plaintiffs continue to allege that FBI NICS's June 3, 2009 letter applies to NTN 18N4NJ8. That is also erroneous: the June 3, 2009 letter concerns the denial of the handgun purchase - *i.e.*, the transaction associated with NTN 1B18X2G. *See* Finch Dec. ¶¶ 6, 9-12. Allowing Plaintiffs to amend their allegations not to conform to the evidence, but to contradict it, would engender confusion going forward and should not be allowed. *See* Fed. R. Civ. P. 15(b)(2). Moreover, the Plaintiffs' motion fails to provide an appropriate evidentiary basis or proffer to support these new allegations.[2]

---

[1] The Finch Declaration is attached to Defendant's Opposition to Plaintiffs' Cross-Motion for Summary Judgment, located at ECF No. 12.

[2] "[P]arties invoking jurisdiction at summary judgment may not rest on mere allegations, but must set forth by affidavit or other evidence specific facts demonstrating standing." *See Shays v. FEC*, 414 F.3d 76, 84 (D.C. Cir. 2005) (citation and internal quotation marks omitted); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("[s]ince they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each [standing] element must be supported in the same way as any other matter on which the plaintiff bears the burden of

Finally, Plaintiffs' motion dramatically claims that the proposed amendments are "dispositive of the standing issue" in light of the D.C. Circuit's recent decision in *Dearth v. Holder*, No. 10-5062 (April 15, 2011). Pls.' Mem. at 1. That is also wrong. To the extent Plaintiffs rely upon *Dearth* as plowing new ground, Plaintiffs' motion fails to specify the contours of any new analysis or why they were unable to include appropriate factual allegations previously in their pleading. More significantly, *Dearth* is not dispositive of the standing issues because standing must be decided under the facts of each case. Because "an inquiry into standing is a highly case-specific endeavor," *Public Citizen v. FTC*, 869 F.2d 1541, 1546 (D.C. Cir. 1989) (citation and quotation marks omitted), requiring "careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted," *Allen v. Wright*, 468 U.S. 737, 752 (1984), there can be no identity of standing issues between Mr. Dearth and Plaintiff Schrader.

Accordingly, the Court should deny the motion and resolve this case on the basis of the First Amended Complaint.

---

proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.").

**Conclusion**

For all these reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for leave to further amend the complaint, and proceed to grant Defendants' motion to dismiss the First Amended Complaint.

Dated: May 9, 2011.

                        Respectfully submitted,

                        RONALD C. MACHEN JR., D.C. BAR # 447889
                        United States Attorney

                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                        Civil Chief

By:   /s/ *Jane M. Lyons*
        JANE M. LYONS, D.C. Bar. # 451737
        Assistant United States Attorney
        555 Fourth St., N.W. - Room E4104
        Washington, D.C.  20530
        Phone: (202) 514-7161
        Fax: (202) 514-8780
        jane.lyons@usdoj.gov