**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEFFERSON WAYNE SCHRADER, et al.,   ) | |
|   ) | |
| Plaintiffs,   ) | Case No. 10-CV-1736-RMC |
|   ) | |
| v.   ) | |
|   ) | |
| ERIC HOLDER, et al.,   ) | |
|   ) | |
| Defendants.   ) | |
| _____) | |

**REPLY BRIEF IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

The government's opposition brief presents an odd narrative that finds little basis in reality. There are no "games," "shifting stories," or remotely "suspect" new factual allegations involved in this motion, and the government identifies nothing that would require any "new preparation" or briefing, much less "starting back at the beginning" of the case. To the contrary, this motion proposes a minor and highly technical amendment to the complaint—one that would merely confirm the plain implication of this lawsuit: Plaintiff Schrader does indeed *still* "presently intend" to possess the very firearms that the government has twice denied his efforts to obtain. It is offered only as an alternative means of ending what Plaintiffs believe is a meritless pleadings argument over whether the current complaint can be read as allowing some hypothetical uncertainty about Schrader's intent.

As Plaintiffs have already noted, the government's more substantive arguments against Schrader's standing have recently crumbled. The D.C. Circuit's new decision last month in *Dearth* v. *Holder*, --- F.3d ---, 2011 U.S. App. LEXIS 7737 (D.C. Cir. April 15, 2011) finds standing to exist under facts virtually indistinguishable from this case, explicitly rejecting the

same substantive arguments raised by the government here. To wit, *Dearth* confirms that a Plaintiff's two denied attempts to purchase firearms, coupled with his intent to possess those firearms, establishes his standing under the Declaratory Judgment Act to bring a Second Amendment challenge. This same legal issue has consumed the parties' briefing on standing in this case. Accordingly, Plaintiffs have filed a Notice of Supplemental Authority regarding *Dearth*, *see* Dkt. # 15, but the government has not responded.

Instead, the government appears now to rest its entire case on the theory that Schrader has insufficiently pleaded his "present intent" to possess the very firearms that the government has twice denied his efforts to obtain. As already noted in several other filings, Plaintiffs regard this argument as without merit. *See* Pl. Reply in Support of Motion for Summary Judgment [Dkt. # 14], at 15-17; Notice of Suppl. Auth. [Dkt. # 15] at 3-4; Pl. Br. [Dkt. # 16-1] at ¶¶ 3-4. Schrader's ongoing "present intent" is plainly implied by the pleadings and explicitly stated in a declaration, and the D.C. Circuit has already implied a "present intent" from the pleadings in a very similar case. Indeed, Schrader's filing of this lawsuit makes sense only if he still intends to possess the very firearms he is suing over. Accordingly, Plaintiffs do not believe this motion is required, but are filing it only in a diligent effort to narrow or eliminate the parties' disagreement over this highly technical issue and move on to the merits of the case.

In addition, Plaintiffs also propose to amend paragraph 15 to clarify minor details about the particular NICS database transactions associated with Schrader's attempts to purchase firearms. These amended details are not material to the case and are not contested by the government—in fact, they are found in the FBI's own sworn declaration. They are proposed only in the interest of ensuring completeness.

Should this Court not rule on this motion now, Plaintiffs respectfully request that it remain under advisement as the Court contemplates the pending Motion to Dismiss and Cross-Motion for Summary Judgment.

## I.     The Proposed Amendment to Paragraph 1 Should Be Granted

The proposed amendment to paragraph 1 would merely spell out explicitly that which Plaintiffs maintain is already plainly implied by Schrader's filing of this lawsuit: Schrader does indeed "presently intend" to purchase and possess the firearms that the government has denied him the ability to purchase. The amended paragraph would read as follows:

> Plaintiff Jefferson Wayne Schrader is a natural person and citizen of the State of Georgia and of the United States. *Mr. Schrader presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.*

(emphasis reflect appended text). In opposition, the government raises three arguments.

*First*, the government claims that the amendment "comes too late in this case and allowing it would unfairly prejudice Defendants by forcing this case back to the starting line." Def. Br. at 4; *see also id*. at 7. This is incorrect, and nowhere in its brief does the government specify any new issue that would require new briefing.

The government makes a bald claim that this proposed amendment would create a "substantially different universe of factual allegations," Def. Opp. Br. [Dkt. # 17] at 7—one that would "likely necessitate revisions" to their motion to dismiss. *Id*. This claim is puzzling and unsupported. The proposed amendment does not alter or abandon any of the existing pleadings, but merely confirms their plain implication. The facts have not changed at all; Plaintiffs are simply agreeing to literally spell out Schrader's present intent in an effort to put an end to the

3

parties' disagreement over whether such specificity is required. The government fails to identify how this would require any revisitation of its motion to dismiss.

The bulk of the government's case against Schrader's standing has concerned the unrelated issues of whether Schrader's two blocked efforts to purchase firearms (as a result of the government's ongoing classification of him in the NICS database as firearms disqualified) were mere past injuries, see Def. Mot. to Dismiss [Dkt. # 5] at 19-20, and whether the holding of *Parker* v. *District of Columbia* is limited only to cases in which a plaintiff seeks an actual "license" or "registration certificate" from the government.[1] *See Id*. at 17-18; *see also* Def. Reply [Dkt. # 11] at 8. This alleged pleadings issue over Schrader's "present intent" has occupied only a few sentences of the government's briefing. *See* Def. Mot. to Dismiss [Dkt. # 5] at 16-17; Def. Reply [Dkt. # 11] at 7.

At any rate, Plaintiffs submit that the argument has little merit: Schrader would not have filed this lawsuit were it not for his present intent to purchase and possess in his home the very firearms that the government has twice denied (and continues to deny) his efforts to obtain. *See* Am. Compl.[2] [Dkt. # 6] at ¶¶ 14-16; *see also* Second Schrader Decl. [Dkt. # 14-1] at ¶ 1. Indeed,

---

[1] And as explained in Plaintiffs' recent Notice of Supplemental Authority [Dkt. # 15], these more substantive arguments have been expressly considered and rejected by the D.C. Circuit's recent decision in *Dearth* v. *Holder*, --- F.3d ---, 2011 U.S. App. LEXIS 7737 (D.C. Cir. April 15, 2011).

[2] The government observes that Plaintiffs have already amended the original complaint once, and makes much of the fact that this motion seeks to amend it a second time. While technically true, Plaintiffs note that the first Amended Complaint merely added the United States as an additional party and did not otherwise amend the factual pleadings. *Compare* Compl. [Dkt. #1] *with* Am. Compl. [Dkt. # 6]; *see also* Stipulation re Amended Complaint [Dkt. # 7]. With due respect, the government's repeated charge of a "shifting story" on the part of Plaintiffs is little more than unsupported hyperbole.

the present version of the complaint states explicitly that "Plaintiff SAF's members and

supporters, *including Plaintiff Schrader*, are directly impacted by application of 18 U.S.C. §

922(g)(1) to misdemeanor offenses." Am. Compl. at ¶ 17 (emphasis added). Moreover, Fed. R.

Civ. P. 8 adopts a notice pleading standard, which requires pleadings to be concise and

contemplates that they will "be construed so as to do justice." Accordingly, while Plaintiffs seek

this amendment to completely lay the issue to rest, Plaintiffs submit that the current pleadings

already more than adequately establish Schrader's "present intent."

In fact, the D.C. Circuit has explicitly rejected a similar hypertechnical pleadings

argument in the context of a pre-enforcement claim. In *Ord* v. *District of Columbia*, 587 F.3d

1136 (D.C. Cir. 2009), a plaintiff challenged a District of Columbia firearms disability that had

resulted in a warrant for his arrest, thereby disrupting his travel to and business within the city.

Much like this case, the city attempted to argue that the plaintiff lacked standing because he did

not specify a present intent to engage in the prohibited conduct. The D.C. Circuit rejected the

argument as defying common sense:

> To be sure, as the District of Columbia emphasizes, Ord never alleges in so many words
> that he intends to enter the District of Columbia while armed. But at this stage of the
> litigation, we must make all reasonable inferences in Ord's favor, and viewed through
> that lens, Ord's complaint and affidavit can only be understood to mean that if the threat
> of arrest is removed, he intends to travel to D.C. while armed to engage in his security
> business . . . Moreover, Ord's request for relief—a declaratory judgment and an
> injunction prohibiting the District of Columbia from enforcing its firearms laws against
> him—makes sense only if he actually intends to return to D.C. while armed to service his
> clients.

*Id*. at 1143 (internal citation omitted) (*citing Seegars* v. *Ashcroft*, 396 F.3d 1248, 1251 (D.C. Cir.

2005) for proposition that "plaintiff need not express an unconditional intent to engage in the

prohibited behavior regardless of whether the statute is invalidated."). The same is true here:

Schrader's request for declaratory and injunctive relief "makes sense only if he actually intends" to purchase and possess the very firearms that the government has denied him.

Moreover, Schrader has additionally submitted a Second Declaration of Jefferson Wayne Schrader in which he declares:

> I filed this lawsuit because I presently intend to purchase and possess a handgun and long gun for self-defense within my own home. I am prevented from doing so only by the Defendants in this case, who have twice denied my attempts to obtain such firearms, and who have advised me that federal law disqualifies me from purchasing or possessing such firearms.

Second Schrader Decl. [Dkt. # 14-1], ¶ 1. This declaration explicitly supports and confirms the proposed amendment to paragraph 1.[3]

*Second*, the government claims that "some of the new allegations are inconsistent with the previously-existing record." Def. Opp. at 4. With due respect, Plaintiffs submit that this assertion defies credulity. As explained above, Schrader's present intent is not only fully consistent with the existing pleadings; it is their only reasonable implication. Unless the government intends to argue that Schrader filed this lawsuit in a bizarre stealth effort to seek legal relief that he does not want, it has no grounds for claiming inconsistency.[4]

*Third*, the government argues that the "proposed amendment would be futile" in that it "continues to omit key factual allegations that prevent is establishment to standing." Def. Opp. at 4. The government claims that "although coming closer than the FAC," the proposed

---

[3] This Declaration also refutes the government's claim of lingering uncertainty over whether Schrader's "present intent" was also "true as of October 2010" when this suit was filed. Def. Opp. at 5. Schrader expressly declares that his "present intent" was the motivation for this lawsuit.

[4] The government indulges in particular hyperbole in comparing the proposed amendment to the "hijinks" of a fictional television character. *See* Def. Br. at 5.

6

amendments "still fail[] to allege *particulars about any imminent firearm transactions* that Mr. Schrader plans to engage in." *Id*. at 7 (emphasis added). The government provide no support for such a requirement, and a simple review of the pleadings that successfully established standing in *Parker* v. *District of Columbia*, 478 F.3d 370, 376 (D.C. Cir. 2007) and *Dearth* v. *Holder*, --- F.3d ---, 2011 U.S. App. LEXIS 7737, dispenses of the argument.

In *Dearth* v. *Holder*, for example, Mr. Dearth pleaded only the following sentence regarding his intent to obtain firearms:

> Mr. Dearth intends to purchase firearms within the United States, which he would store securely at his relatives' home in Mount Vernon, Ohio, and which he would access for lawful sporting purposes as well as for other purposes, including self-defense, while visiting the United States.

Compl. [Dkt. # 1] at § 11, *Hodgkins* v. *Holder*, Case No. 1:09-cv-00587-JR (D.D.C. March 23, 2009), Likewise, Mr. Heller's pleadings regarding his "present intent" were as follows:

> . . . Mr. Heller lawfully owns various firearms located outside the District of Columbia, including handguns and long guns, and presently intends to possess a functional handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action. . . .

Compl. [Dkt. # 1] at § 2, *Parker* v. *District of Columbia*, Case 1:03-cv-00213-EGS (D.D.C. February 10, 2003) (emphasis added). In neither case were the plaintiffs required by the D.C. Circuit to plead additional "particulars" about "imminent firearms transactions."

In sum, each of the government's three arguments lack merit and the motion for leave to amend paragraph 1 should be granted.

## II.        The Proposed Amendments to Paragraph 15 Should Be Granted

Plaintiffs also propose to amend paragraph 15 to clarify minor details about the NICS database transactions associated with Schrader's attempts to purchase firearms. These amended details are not material to the case and are not contested by the government—in fact, they are directly found in the FBI's own sworn declaration that the government submitted with its recent Reply Brief. *See* Dkt. # 12-2. And while these facts are already in the summary judgment record, they are proposed to also be added to the pleadings in the interest of completeness. In short, the amendment does three things.

First, it clarifies that NICS transaction number "1B18X2G" corresponds to Schrader's attempted handgun purchase, as opposed to the shotgun. Plaintiffs originally believed this transaction corresponded to the attempted shotgun transaction, based on a nonspecific "denial decision" letter from the FBI. *See* June 3, 2009 Letter from FBI toSchrader [Dkt. # 9-2]; *see also* Second Schrader Decl. [Dkt. # 14-1] at ¶ 3. The FBI's newly submitted declaration clarifies that this transaction number in fact corresponds to the handgun transaction. *See* FBI Decl. at ¶ 6. Plaintiffs thus propose amending the complaint accordingly in the interest of full accuracy.

Second, the amendment clarifies that the handgun and shotgun purchases were each met with separate individual denial decisions by the government.[5] The FBI's declaration provides NICS denial information for both attempted transactions, see FBI Decl. at ¶¶ 5-8, and so Plaintiffs propose amending the complaint accordingly for completeness.

---

[5] Plaintiff Schrader's companion attempted to pay for the shotgun for him as a gift, *see* Am. Compl. [Dkt. # 6] at ¶ 14; Schrader Decl. [Dkt. # 9-1] at ¶ 9, but Mr. Schrader himself was to be the owner of the gun. Thus, there is no "contradiction" in his name (as opposed to his companion's) appearing on the corresponding NICS transaction record. *See* Def. Op. at 8.

Finally, the amendment confirms that Schrader no longer possesses the shotgun, having disposed of it when the government informed him that he was prohibited from possessing firearms. *See* Second Schrader Decl. at ¶ 3.

## CONCLUSION

The proposed amendments to the complaint should be granted in order to put a final end to the parties' disagreement over a highly technical pleadings requirements issue. Fed. R. Civ. P. 15 contemplates that leave will be "freely give[n] when justice so requires." *Id*. The proposed amendment will narrow the parties' disagreement, and will therefore be in the interest of justice and the Court.

Dated: May 19, 2011                    Respectfully submitted,

                                       Alan Gura (D.C. Bar No. 453449)
                                       Thomas M. Huff (D.C. Bar No. 978294)
                                       Gura & Possessky, PLLC
                                       101 N. Columbus Street, Suite 405
                                       Alexandria, VA 22314
                                       703.835.9085/Fax 703.997.7665

                                   By: /s/ Thomas M. Huff
                                       Thomas M. Huff

                                       Attorneys for Plaintiffs