**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEFFERSON WAYNE SCHRADER, et al., )<br>)  Case No. 10-CV-1736-RMC<br>Plaintiffs, )<br>)  **DECLARATION OF**<br>v. )  **JEFFERSON WAYNE SCHRADER**<br>)<br>ERIC HOLDER, et al., )<br>)<br>Defendants. )<br>_____ ) | |

### DECLARATION OF JEFFERSON WAYNE SCHRADER

I, Jefferson Wayne Schrader, am competent to state, and declare the following based on my personal knowledge:

1. I am citizen of the United States and the State of Georgia. I was born in 1948, and I am 63 years old.

2. I filed this lawsuit because I presently intend to purchase and possess a handgun and long gun for self-defense within my own home. I am prevented from doing so only by the Defendants in this case, who have twice denied my attempts to obtain such firearms, and who have advised me that federal law disqualifies me from purchasing or possessing such firearms.

3. I am not under indictment, have never been convicted of a felony or misdemeanor crime of domestic violence, and am not a fugitive from justice. I am not an unlawful controlled substance user or addict, and I have never been adjudicated as mentally defective or been committed to a mental institution. I have never been discharged from the Armed Forces under dishonorable conditions, and have never renounced my citizenship. I have never been the subject of a restraining order relating to an intimate partner.

4. On or about July of 1968, I was enlisted in the United States Navy, and stationed in Annapolis, Maryland. While walking peaceably in Annapolis, I was violently attacked by a street gang claiming that I had entered their territory.

5. On or about July 23, 1968, I was again walking peaceably in Annapolis, and encountered one of the men who had previously assaulted me. A dispute broke out between us, during which I punched him. A nearby police officer thereafter arrested me. My understanding is that I was arrested for assault and battery, and disorderly conduct, and that both were simple misdemeanor offenses.

6. On or about July 31, 1968, I was found guilty of misdemeanor assault and battery. My understanding and recollection is that I was ordered to pay a $100 fine, plus court costs of $9. I paid the fine and court costs. I was not sentenced to any jail time.

7. I was 20 years old at the time of my conviction.

8. Following a tour of Vietnam, I was honorably discharged from the Navy. Other than one traffic infraction, I have not had any further police encounters except for the conduct of Defendants described below.

9. In November of 2008, my companion attempted to purchase a shotgun for me as a gift from a local firearms dealer in Georgia, which I had planned to keep in my home for self defense. While my companion sought to pay for the shotgun for me as a gift, I was to be the owner of the gun and so we made the transaction in my name.

10. In January of 2009, I also ordered a handgun from a local firearms dealer in Georgia, which I had planned to keep in my home for self defense.

11. The November 2008 effort to obtain the shotgun resulted in a denial decision by

Defendants. I understand from paragraphs 5 and 7-8 of the FBI's Declaration of William L. Finch [Dkt. # 12-2] that the FBI issued a denial decision of this attempted shotgun transaction, and that the associated National Instant Criminal Background Check ("NICS") transaction number was "(NPN)-18N4NJ8."

12. My January 2009 effort to obtain a handgun to keep in my home for self-defense was also unsuccessful and resulted in a denial decision by the Defendants. I understand from paragraphs 6-8 of the FBI's Declaration of William L. Finch [Dkt. # 12-2] that the FBI issued a denial decision of this attempted handgun purchase, and that the associated NICS transaction number was "(NPN)-IB18X2G."

13. On June 3, 2009, the FBI sent me a letter and a document labeled "Criminal History Record." The letter stated that the FBI had made a "denial decision" of my attempted firearms transaction based on 18 U.S.C. § 922(g)(1) due to my 1968 Maryland misdemeanor assault and battery conviction. A copy of this correspondence is attached as Exhibit A.

14. A short time later, I was contacted by Agent Lance Greer and told that I must dispose of or surrender any firearms I might possess or face criminal prosecution. As a result, I subsequently disposed of the shotgun, and it is no longer in my possession. Accordingly, I also canceled the order for the denied handgun transaction and never took possession of it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29 day of June, 2011.

_____
Jefferson Wayne Schrader

4