**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEFFERSON WAYNE SCHRADER and<br>SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC HOLDER, Attorney General, and<br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)       Civil Action No. 10-1736 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED
MATERIAL FACTS AND STATEMENT OF GENUINE ISSUES REGARDING
PLAINTIFFS' RENEWED CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendants respectfully provide this response to Plaintiffs' Statement of Undisputed

Material Facts pursuant to Fed. R. Civ. P. 56(c)(1) and Local Civil Rule 56.1.  This response

relates to Plaintiffs' Renewed Cross-Motion for Summary Judgment [ECF No. 22].

Each of Plaintiffs' individual statements is addressed below.  In general, many of the

facts Plaintiffs identify are immaterial.  For purposes of resolving a summary judgment motion,

material facts are only those that might impact the outcome of the case under the governing law.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

1.      This paragraph does not contain a statement of fact; Plaintiffs quote a portion of a

statute, which is the best evidence of its contents.  To the extent the Plaintiffs are noting the

existence of the statute, that is undisputed.

2.      This paragraph contains a conclusion of law and does not contain any statement

of material fact.  To the extent Plaintiffs are noting the existence of 18 U.S.C. § 921(g)(1), that is

undisputed.

3.      This paragraph states only one of several material facts relating to Plaintiff

Schrader's standing to maintain this action.  Defendants have no way of knowing whether

Plaintiff Schrader "presently intends to purchase and possess a handgun and long gun for self-

defense within his home."  However, for purposes of this motion only, Defendants do not dispute

that Plaintiff Schrader "presently intends to purchase and possess a handgun and long gun for

self-defense within his home," but Defendants dispute that Plaintiff Schrader has provided

sufficient detail concerning any plan he may have to implement his present intention.  *See*

Declaration of Jefferson Wayne Schrader dated June 29, 2011 [ECF No. 22-1], ¶¶ 1-2.  Viewing

this evidence in the light most favorable to Defendants, the omission of facts and details relating

to, among other things, where, when, or how Plaintiff Schrader would purchase firearms, and

precisely what models of firearms Plaintiff Schrader may intend to purchase, should cause the

Court to find that Schrader's motion is not properly supported.  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248, 255 (1986) (summary judgment only appropriate where no genuine issues of

material fact exist and courts must view the evidence in the light most favorable to the

nonmoving party and draw all reasonable inferences drawn from that evidence); *Laningham v.*

*U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987) (same); *see* Fed. R. Civ. P. 56(e)(2) (party's

obligation to respond to summary judgment is triggered by a "properly made and supported"

motion).  The allegations in the complaint are not evidence for purposes of summary judgment,

and converting only some of them into evidence suggests that Plaintiff Schrader may be unable

to convert the remainder into admissible evidence.

4.      This paragraph contains multiple statements of fact relating to Plaintiff Schrader's

personal history which are immaterial because he admits he has a conviction for assault in

Maryland and that he committed the assault.  *See* June 29, 2011 Schrader Dec. ¶¶ 4-7.  The final sentence of this paragraph contains a conclusion of law lacking foundation, but the legal assertion is also immaterial because whether Plaintiff Schrader is eligible to possess a firearm under Georgia law is independent of whether federal law prohibits his possession of firearms. There are no claims in this case involving the laws of Georgia.

5.      In this lawsuit, Plaintiffs allege that Plaintiff Schrader was convicted for committing an assault on July 23, 1968.  Plaintiffs' paragraph 5 contains Plaintiff Schrader's self-serving description and recollection of different events that took place on a different day – i.e., "[o]n or about July of 1968."  The statements in paragraph 5, which do not pertain to July 23, 1968,  are thus immaterial.  In addition, Plaintiffs' description is supported only by Plaintiff Schrader's own statement, which is typically viewed with some skepticism at summary judgment.  *See Bonieskie v. Mukasey*, 540 F. Supp. 2d 190, 195 (D.D.C. 2008) ("Summary judgment for a defendant is most likely when a plaintiff's claim is supported solely by the plaintiff's own self-serving, conclusory statements.").  In any event, even if these facts are taken as true, Plaintiff Schrader's description of his assault on a single individual on a different date – i.e., July 23, 1968 (and which Plaintiff Schrader has not stated was in the same or a nearby location as the purported events of "July of 1968"), and when that individual had done nothing to provoke Plaintiff Schrader or cause him to be in any reasonable fear of imminent harm, fail to establish facts suggesting that Plaintiff Schrader was acting in self-defense on July 23, 1968.

To the extent the facts in this paragraph are deemed material, Defendants should be given an opportunity to take discovery, at a minimum, from the individual Plaintiff Schrader assaulted on July 23, 1968 and the police officer.

6.     The facts in this paragraph are undisputed for purposes of this motion, but Defendants have not had an opportunity to conduct discovery regarding the assault committed by Plaintiff Schrader on July 23, 1968 or from Plaintiff Schrader's victim.  Defendants dispute that the alleged events of "July of 1968" are material.  In addition, the conclusion that assault and battery and disorderly conduct are "simple misdemeanor offenses" is a conclusion of law, or Plaintiffs' characterization, which is not binding on the Court.  *See* Fed. R. Civ. P. 56(e)(1). The classification of the offense under state law or more generally is not a material fact because it is undisputed that Plaintiff Schrader could have been imprisoned for more than two years based on his conviction.

7.     The facts in this paragraph are undisputed for purposes of this motion, but Defendants have not had an opportunity to take discovery or to obtain related military or employment records.

8.     The facts in this paragraph are immaterial, particularly because Plaintiff Schrader admits he was over the age of 18 at the time of the assault in 1968 or his conviction.  *See* June 29, 2011 Schrader Dec., ¶ 7.  Neither Plaintiff Schrader's age at the time of his assault conviction or now is relevant to any claim or argument in this case.

9.     The facts in this paragraph are immaterial.  The federal firearms provisions apply to veterans and non-veterans alike, as well as to people with more or less frequent or extensive "police encounters" than Plaintiff Schrader.  The only material fact is Plaintiff Schrader's admitted offense and record of conviction.  *See* 18 U.S.C. §§ 922(g)(1); 921(a)(20)(B); *United States v. Coleman*, 158 F.3d 199 (4th Cir. 1998).

10.    The facts in this paragraph are undisputed and material.

11.     This paragraph is based entirely on inadmissible evidence that may not be considered at summary judgment because Plaintiff Schrader's declaration does not establish a foundation for his personal knowledge of the actions of his unidentified "companion."  Rule 56(c)(2).  This paragraph appears to contain hearsay.  *Douglas v. Donovan*, 559 F.3d 549, 556 (D.C. Cir. 2009); *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000) (holding hearsay evidence insufficient in sex discrimination case to avoid summary judgment: "Verdicts cannot rest on inadmissible evidence.  Gleklen's evidence about the conversation is sheer hearsay; she would not be permitted to testify about the conversation at trial. . . .  It therefore counts for nothing.").  Defendants have no way of knowing or determining if Plaintiff Schrader's unidentified "companion" attempted to purchase a shotgun in "November of 2008."  *See* Declaration of William L. Finch ("Finch Dec."), ¶¶ 2-4.[1]  In addition, even if Plaintiff Schrader's "companion" attempted to purchase a shotgun in "November of 2008," and even if this transaction was denied, the facts associated with that transaction are immaterial because the "companion" is not a plaintiff in the present lawsuit.

Defendants do not dispute that Plaintiff Schrader attempted to purchase a shotgun on or about November 13, 2008, or that the NICS transaction number ("NTN") for the background check into the shotgun purchase is 18N4NJ8.  Finch Decl., ¶ 5.  Defendants do not dispute that Plaintiff Schrader attempted to purchase a handgun on or about January 24, 2009, or that the NTN for the background check into the handgun purchase is 1B18X2G.  *Id.*, ¶ 6.  Defendants do not dispute that Defendant FBI determined that Plaintiff Schrader's 1968 Maryland assault

---

[1]  The Declaration of William L. Finch was filed previously with Defendants' Reply and Opposition to Plaintiffs' Cross-Motion for Summary Judgment.  *See* ECF No. 12-2.  Defendants incorporate that declaration by reference.

conviction triggered 18 U.S.C. §§ 921(a)(20) and  922(g)(1), or that this determination applied to

Schrader's attempted shotgun and handgun purchases.  *Id.*, ¶ 7.

Defendants dispute that a shotgun is a weapon appropriate for use of self-defense in the

home.

12.     This paragraph is based entirely on inadmissible evidence that may not be

considered at summary judgment because Plaintiff Schrader's declaration does not establish a

foundation for his personal knowledge of the actions of his "companion" or the reasons for them.

Rule 56(c)(2).  Defendants presently have no way of knowing if Plaintiff Schrader's alleged,

unidentified "companion" attempted to purchase a shotgun in "November of 2008."  *See* Finch

Dec., ¶ 4.  In addition, even if Plaintiff Schrader's "companion" attempted to purchase a shotgun

in "November of 2008," and even if this transaction was denied, it is irrelevant since the

"companion" is not a plaintiff in the present lawsuit.  *Id.*

Defendants dispute that NTN 18N4NJ8 relates to the alleged attempted shotgun purchase

by Plaintiff Schrader's companion.  *Id.*, ¶¶ 4, 5.  Defendants do not dispute that 18N4NJ8 is the

NTN for the background check into the shotgun that Schrader attempted to purchase on or about

November 13, 2008.  *Id.*, ¶ 5.  The statement that the shotgun transaction which was the subject

of NTN 18N4NJ8 "resulted in a denial decision by Defendant FBI" is a characterization, and not

a statement of fact.  Defendants do not dispute that the firearms dealer transferred the shotgun

that was the subject of  NTN 18N4NJ8 to Plaintiff Schrader after the lapse of three business

days; that Defendant FBI later determined that Plaintiff Schrader's 1968 Maryland assault

conviction triggered 18 U.S.C. §§ 921(a)(20) and 922(g)(1); and that Defendant FBI sent a

firearm retrieval notice concerning Plaintiff Schrader to the Bureau of Alcohol, Tobacco,

Firearms and Explosives.  *Id.*, ¶¶ 3, 5, 7, and 8.

13.     Defendants do not dispute that 1B18X2G is the NTN for the background check

into the handgun that Schrader attempted to purchase on or about January 24, 2009.  Finch Decl.,

¶ 6.  The statement that the handgun transaction which was the subject of NTN 1B18X2G

"resulted in a denial decision by Defendant FBI" is a characterization, and not a statement of

fact.  Defendants do not dispute that Defendant FBI determined that Plaintiff Schrader's 1968

Maryland assault conviction triggered 18 U.S.C. §§ 921(a)(20) and  922(g)(1), or that this

determination applied to Plaintiff Schrader's attempted handgun purchase associated with NTN

1B18X2G.  *Id.*, ¶ 7.

14.     With respect to the first  sentence, Defendants dispute this statement because it is

incomplete and respectfully note that the cited June 3, 2009 letter is the best evidence of its

contents.  *See* Finch Dec. ¶¶ 9-12 & Exh. C.  The June 3, 2009 letter, moreover, related to

Schrader's attempted purchase of a handgun in January, 2009.  *See* Finch Dec. ¶¶ 6, 9, 12 &

Ex.C.  Defendants dispute that the cited June 3, 2009 letter relates to the shotgun that Schrader

attempted to purchase on or about November 13, 2008. *Id.*, ¶¶ 5, 6, 9, 12 & Ex. C.

Defendants do not dispute that, in January 2009, Plaintiff Schrader sent an inquiry to

Defendant FBI about the basis for the denial of his handgun purchase, or that the FBI

subsequently sent correspondence to Plaintiff Schrader, including the cited June 3, 2009 letter, in

this regard.  *Id.*, ¶¶ 9-12 & Exhs. A, B, and C.  Defendants do not dispute that the cited June 3,

2009 letter related to Plaintiff Schrader's attempted handgun purchase and reiterated that the

basis for the denial of the attempted handgun purchase was 18 U.S.C. §§ 921(a)(20) and

922(g)(1). *Id.*

Defendants are without knowledge concerning the statements in the second sentence of

paragraph 14.  With regard to the second and third sentences of paragraph 14,, Defendants do not

dispute, for purposes of this motion only, that Plaintiff Schrader disposed of and no longer has

possession of the shotgun that he attempted to acquire, or that Plaintiff Schrader never took

possession of the handgun that he attempted to purchase.  Defendants otherwise dispute the

statements in the third and fourth sentences of paragraph 14.   Defendants dispute the statement

in the fourth sentence of paragraph 14 that, "Accordingly, Schrader also canceled the order for

his denied handgun transction."  In addition, Defendants dispute the suggested link between the

June 3, 2009 letter and Plaintiff Schrader's decision to comply with federal law by dispossessing

himself of the shotgun and not taking possession of the handgun.

15.    This paragraph contains Plaintiffs' quotation of a portion of a letter dated June 3,

2009, which is the best evidence of its contents.  Defendants dispute that the cited June 3, 2009

letter relates to the shotgun that Schrader attempted to purchase on or about November 13, 2008.

Finch Decl., ¶ 12 & Ex. C.  Defendants do not dispute that the cited June 3, 2009 letter related to

Plaintiff Schrader's attempted handgun purchase and reiterated that the basis for the denial of the

attempted handgun purchase was 18 U.S.C. §§ 921(a)(20) and 922(g)(1). *Id*

16.    This paragraph contains Plaintiffs' description of enclosures to the letter dated

June 3, 2009, which are the best evidence of their contents.  The second sentence includes a

statement for which Plaintiff Schrader lacks personal knowledge, but the statement is immaterial.

Defendants dispute that the cited June 3, 2009 letter relates to the shotgun that Schrader

attempted purchase on or about November 13, 2008.  Finch Decl., ¶ 12 & Ex. C.  Defendants do

not dispute that the cited June 3, 2009 letter related to Plaintiff Schrader's attempted handgun

purchase and reiterated that the basis for the denial of the attempted handgun purchase was 18

U.S.C. §§ 921(a)(20) and 922(g)(1).  *Id*

17.     Through the plain language of the 18 U.S.C. §§ 922(g)(1) and 921(a)(20)(B),

Congress prohibits Plaintiff Schrader's possession of firearms based on his conviction, and

Defendants are charged with enforcing the laws.  Defendants dispute Plaintiffs' assertion that

this prohibition is the result of a flawed "interpretation" of 18 U.S.C. § 922(g)(1).  Defendants

note that Plaintiff Schrader has not been charged with a violation of 18 U.S.C. § 922(g)(1).

18.     This paragraph is not supported by admissible evidence as required by Fed. R.

Civ. P. 56(e)(1), and are disputed for purposes of this motion.  The allegations in a pleading are

not evidence.  *Equal Rights Center v. Post Properties, Inc.*, 633 F.3d 1136, 1141 n.3 (D. C. Cir.

2011).

**<u>Defendants' Statement of Genuine Issues</u>**

1.     What specific type(s) of firearms (including but not limited to the manufacturer,

model, and any modifications) Plaintiff Schrader intends to purchase and possess and the details

concerning when, where, or how Plaintiff Schrader would purchase these firearms in the future.

2.     Whether Plaintiff Schrader has had his conviction for assault expunged by the

State of Maryland or made any attempt to request a pardon.

Dated: August 19, 2011.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. BAR # 447889
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Civil Chief

By:     /s/
JANE M. LYONS, D.C. Bar. # 451737
Assistant United States Attorney
555 Fourth St., N.W. - Room E4104
Washington, D.C.  20530
Phone: (202) 514-7161
Fax: (202) 514-8780
jane.lyons@usdoj.gov