**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JEFFERSON WAYNE SCHRADER, et al.,     )
                                      )   Case No. 10-CV-1736-RMC
            Plaintiffs,               )
                                      )
        v.                            )
                                      )
ERIC HOLDER, et al.,                  )
                                      )
            Defendants.               )
_____ )

PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

On October 4, 2011, the D.C. Circuit decided the case of *Heller* v. *District of Columbia*

("*Heller II*"), 2011 U.S. App. LEXIS 20130 (D.C. Cir. Oct. 4, 2011).[1] *Heller II* challenged the

District's firearms registration laws, and its ban on certain firearms classified as "assault weapons."

*Heller II* did not address—and the D.C. Circuit's opinion did not discuss—a firearms disability such

as the prohibition on firearm possession by common law misdemeanants at issue in this case.

Nonetheless, *Heller II* is instructive here, as the case rejected two of the government's

primary arguments.

1.      The government here asserted that intermediate scrutiny is the standard in all Second

Amendment cases involving means-ends scrutiny, and that strict scrutiny never applies. *See*, *e.g.*

Def. Reply and Opp. Br., Dkt. 26, at 25. The D.C. Circuit clearly rejected the notion that one

standard of review is to be applied in all Second Amendment cases. Echoing Plaintiffs' arguments,

the D.C. Circuit explained that "[a]s with the First Amendment, the level of scrutiny applicable

under the Second Amendment surely depends on the nature of the conduct being regulated and the

degree to which the challenged law burdens the right." *Id.* at *30 (citations omitted).

_____

[1]Although Plaintiffs' counsel were counsel for Heller in *District of Columbia* v. *Heller,* 554
U.S. 570 (2008) ("*Heller I*"), they have had no involvement whatsoever in *Heller II*.

In reviewing the District's registration and "assault weapons" laws, the D.C. Circuit applied intermediate scrutiny. *Heller II*, 2011 U.S. App. LEXIS 20130 at \*32 and \*44. But this was not done because *all* firearms laws are subject to intermediate scrutiny. The challenged provisions triggered intermediate scrutiny because the D.C. Circuit found that the challenged provisions did not substantially burden a core aspect of the Second Amendment.

In contrast, the burden here is relatively severe: a complete denial of all Second Amendment rights.

2.      The government here argued that because it labels Schrader and other common-law misdemeanants "felons," imposing a firearms disability on common-law misdemeanants is presumptively lawful. *See, e.g.* Mot. to Dismiss, Dkt. 20, at 25. The specious nature of this argument need not be revisited, but *Heller II* does highlight the distinction between "longstanding" practices, which are presumptively lawful, and regulations of more recent vintage, which are not.

In *Heller II*, the D.C. Circuit "uph[e]ld the requirement of mere registration because it is longstanding, hence 'presumptively lawful,' and the presumption stands unrebutted." *Heller II*, 2010 U.S. App. LEXIS 20130 at \*18-\*19. However, the D.C. Circuit found that "several other of the District's registration requirements are not longstanding," and are "novel," hence they were not presumptively lawful. *Id.*, at \*25-\*26.

Historically, misdemeanants at common law were not disarmed (and for what it may be worth, common law misdmeanants were also, by definition, not "felons"). Accordingly, *Heller II* confirms that the challenged practice is not presumptively lawful.

Dated:  October 10, 2011                      Respectfully submitted,

                                              Alan Gura (D.C. Bar No. 453449)
                                              Gura & Possessky, PLLC
                                              101 N. Columbus Street, Suite 405
                                              Alexandria, VA 22314
                                              703.835.9085/Fax 703.997.7665


                                      By:  /s/Alan Gura
                                           Alan Gura

                                           Attorney for Plaintiffs