UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERSON WAYNE SCHRADER and ) <br> SECOND AMENDMENT FOUNDATION, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ERIC HOLDER, Attorney General, and ) <br> FEDERAL BUREAU OF INVESTIGATION, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 10-1736 (RMC) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully respond to Plaintiffs' Notice of Supplemental Authority [ECF No. 28] concerning *Heller v. District of Columbia*, 2011 U.S. App. LEXIS 20130 (D.C. Cir. Oct. 4, 2011) ("*Heller II"*). As an initial point, defendants agree with plaintiffs that the *Heller II* decision is not controlling because it did not directly address the statutory provisions challenged in the instant case. Defendants disagree, however, with Plaintiffs' characterization of *Heller II* as having "rejected two of the government's primary arguments."[1]

Significantly, the D.C. Circuit did not reject the portion of the Fourth Circuit's analysis in *United States v. Chester*, 628 F.3d 673 (4th Cir. 2010), finding that intermediate scrutiny is appropriate. *See* Slip Op. at 13-14. *Chester*, a challenge to disarming all domestic violence

---

[1] In their supplemental submission, Plaintiffs assert that the provisions challenged in *Heller II* "triggered intermediate scrutiny because the D.C. Circuit found that the challenged provisions did not substantially burden a core aspect of the Second Amendment." Plaintiffs' characterization of what *Heller II* purportedly held is overbroad and incorrect. Contrary to what Plaintiffs suggest, the D.C. Circuit, in *Heller II*, found that the basic registration provisions did not substantially impinge on a Second Amendment right, Slip Op. at 15, but that the more "novel registration requirements" applying to long guns did "affect the Second Amendment right." Slip Op. at 19.

misdemeanants, presents a closer analogy to the instant case than the registration requirements and assault weapon ban contained in the D.C. provisions addressed in *Heller II*. Indeed, the provisions at issue in *Heller II* applied to law-abiding citizens, while the statutes challenged in *Chester* and the present case do not. Notably, the D.C. Circuit cites *Chester's* adoption of intermediate scrutiny review with approval multiple times in *Heller II*. *See* Slip Op. at 13, 22, 39, 40.

Finally, defendants have shown in their motion to dismiss the second amended complaint that at common law, misdemeanants could be disqualified from owning firearms because the common law did not clearly distinguish between felonies and misdemeanors. The regulation here is thus an example of a longstanding regulation.

Dated: November 17, 2011.

                                                Respectfully submitted,

                                                RONALD C. MACHEN JR., D.C. BAR # 447889
                                                United States Attorney

                                                RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                Civil Chief

By:    /s/ *Jane M. Lyons*
           JANE M. LYONS, D.C. Bar. # 451737
           Assistant United States Attorney
           555 Fourth St., N.W. - Room E4104
           Washington, D.C.  20530
           Phone: (202) 514-7161
           Fax: (202) 514-8780
           jane.lyons@usdoj.gov